OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Jones, Appellee.
[Cite as State v. Jones (1994),      Ohio St.3d      .]
Appellate procedure -- Court of appeals does not have original
    jurisdiction to grant a motion for a new trial -- Criminal
    defendant must suffer the consequences of nonproduction of
    an appellate record where such nonproduction is caused by
    his own actions -- Trial court should hold evidentiary
    hearing to determine whether criminal defendant is
    substantially responsible for the absence of the record.
    (No. 93-1897 -- Submitted November 29, 1994 -- Decided
December 23, 1994.

Appeal from the Court of Appeals for Cuyahoga County, No. 64481.

On September 30, 1981, Cleve Jones was indicted on three counts of rape (R.C. 2907.02), one count of kidnapping (R.C. 2905.01), one count of aggravated robbery (R.C. 2911.01), and one count of felonious assault (R.C. 2903.11). Jones was later tried and convicted on all counts.

On January 29, 1982, Jones was sentenced to seven to twenty-five years' imprisonment on each of the first five counts and five to fifteen years for felonious assault. All terms were to run concurrently.

In early February 1982, the presiding judge continued Jones's bond during the pendency of his appeal and appointed Fred Middleton as counsel. However, no appeal was ever filed on Jones's behalf. The record is silent as to why an appeal was not filed by Mr. Middleton.

On July 28, 1984, a capias was requested for Jones. It was not until June 17, 1987, that the capias was issued.

On September 5, 1990, Jones was returned to custody pursuant to the capias. Jones began serving the original sentence on September 11, 1990.

On October 6, 1992, Jones filed a motion for delayed appeal. Jones provided the following reason for his failure to perfect his appeal of right within thirty days, as required by

App. R. 4(B): "Notice of Appela [sic] was filed Janruary [sic] 29, 1982. Counsel was appointed, and I was release [sic] on Appeal bond, After receving [sic] a letter from the 8th District court of Appeals information [sic] me that a Appeal [sic] was never filed I am requesting the Court to allow Delayed Appeal 'NOTE' I do not know who the Attorney was that was appointed I was out on Appeal Bond for over (10) years." The Eighth District Court of Appeals granted Jones's motion for delayed appeal on November 4, 1992. The state neither opposed the motion for delayed appeal nor appealed the order of the court of appeals granting the delayed appeal. Finding Jones indigent, the court of appeals appointed counsel for him.

In order to provide the court of appeals with the trial transcript as required by App.R. 9, Jones requested a transcript of the proceedings at the state's expense at the time he filed the notice of appeal and the motion for delayed appeal. However, a transcript of the trial proceedings could not be completed, because the notes of the court reporter had been properly destroyed. As a result, Jones was left without any record on which to argue his appeal.

Pursuant to App.R. 9(C), Jones attempted to create a record. Jones filed a proposed statement of the proceedings with the trial court on February 16, 1993. On March 15, 1993, the state filed objections and proposed amendments to Jones's statement. On March 25, 1993, Jones filed a motion for a new trial in the court of common pleas. Jones asserted that a new trial was warranted because, without a trial record, he would be denied meaningful appellate review. For this reason, he filed a motion for a new trial in lieu of further pursuing the reconstruction of the record. Jones asserted that a new trial was the only way his rights could be protected.

The state opposed Jones's motion for a new trial. The state argued that all sources had not been exhausted in attempting to settle the 9(C) record and, more important, that Jones should not benefit from a new trial because he was responsible for the delay in the appeal process.

On April 7, 1993, the trial court denied Jones's motion for a new trial. The journal entry of the court of common pleas read as follows: "Hearing had on appellant's motion for a new trial and request for settlement of Rule 9(C) record for appeal, (CA 64481). Motion for new trial denied. Court determines that it cannot settle Rule 9(C) statement. The court expressly incorporates the hearing record and determinations made by the court therein in lieu of a written opinion."

On April 19, 1993, Jones filed what was styled a "motion for new trial" in the Eighth District Court of Appeals. The motion for a new trial was, in effect, an appeal from the trial court's failure to grant a new trial. The actual nature of the pleading is obvious from the language in Jones's brief in support of his appeal: "appellant requests that this court reverse the decision of the trial court denying appellant's motion for a new trial, and remand this case to the trial court with an order that a new trial be held."

The state opposed Jones's motion on two grounds: (1) the appellate court lacked original jurisdiction to order a new trial in an inferior tribunal; and (2) Jones's own misconduct

in remaining free on appeal bond for eight years caused the difficulty in creating an appellate record. We note the state abandoned the argument that Jones had not fully pursued his remedy pursuant to App.R. 9(C).

On August 2, 1993, the court of appeals granted Jones's motion by journal entry. The entry read as follows: "Motion by appellant for new trial is granted per State v. Polk (March 7, 1991), Cuyahoga App. No. 57511, unreported, and remanded. The appeal is reversed." The state of Ohio appealed.

This cause is now before this court upon the allowance of a motion for leave to appeal.

Stephanie Tubbs Jones, Cuyahoga County Prosecuting Attorney, and Karen L. Johnson, Assistant Prosecuting Attorney, for appellant.

James A. Draper, Cuyahoga County Public Defender, and Kenneth I. Sondik, Assistant Public Defender, for appellee.

Lee Fisher, Attorney General, Richard A. Cordray, State Solicitor, and Simon B. Karas, Deputy Chief Counsel, urging reversal for amicus curiae, Attorney General Lee Fisher.

Wright, J. We adopt in large measure the posture of amicus curiae Attorney General. Amicus advances three positions: (1) the court of appeals did not have original jurisdiction to grant a motion for a new trial; (2) a criminal defendant must suffer the consequences of nonproduction of an appellate record where such nonproduction is caused by his own actions; and (3) the trial court should hold an evidentiary hearing to determine whether Jones is substantially responsible for the absence of a record in this case.

I

Section 3(B)(1), Article IV of the Ohio Constitution provides appellate courts with limited original jurisdiction. In addition to specified causes of action such as habeas corpus and mandamus, an appellate court has original jurisdiction over "any cause on review as may be necessary to its complete determination." Section 3(B)(1)(f), Article IV, Ohio Constitution. A motion for a new trial is not one of the causes of action specifically mentioned in Section 3. Furthermore, a motion for a new trial does not qualify as a "cause on review." As a result, the court of appeals did not have jurisdiction to grant the motion for a new trial.

Crim.R. 33(B) specifies the procedures to be followed with a motion for new trial.1 The motion is to be submitted to and acted upon by the trial court, not the court of appeals. Therefore, the court of appeals erred in purporting to grant a motion for new trial.

As we noted above, Jones's purported motion for a new trial was essentially an appeal of the trial court's denial of his motion for a new trial. As such, the court of appeals could have properly exercised jurisdiction over Jones's "appeal" under Section 3(B)(1)(f), Article IV, Ohio Constitution, and considered the merits of Jones's appeal under App.R. 12(B). That rule provides:

"*** When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered

in his favor as a matter of law, the court of appeals shall reverse the judgment or final order that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment or final order. ***"

Instead of acting outside its jurisdiction by granting Jones's purported motion for a new trial, the court of appeals, having jurisdiction over the cause pursuant to Jones's delayed appeal, could have properly reached the same result by remanding the cause for a new trial pursuant to App.R. 12. However, the court of appeals did grant the purported motion for a new trial. Because such an act is outside its original jurisdiction, we reverse the judgment of the court of appeals.

II

A criminal defendant must suffer the consequences of nonproduction of an appellate record where such nonproduction is caused by his or her own actions. In the event the defendant's misconduct is determined not to be the cause of the nonproduction of the appellate record, absence of the record may require reversal of the underlying conviction and the grant of a new trial. See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384; State v. Polk (Mar. 7, 1991), Cuyahoga App. No. 57511, unreported.

The correct procedure the court of appeals could have followed in this case is found in App.R. 9.2 Where there is no record, App.R. 9(C) permits the trial court to hold an evidentiary hearing in order to settle and approve the appellate record. Where there are gaps in or disputes about the record, App.R. 9(E) provides a procedure for correction or modification. Under that provision, a court of appeals may direct the trial court to settle the record.

App.R. 9 does not explicitly provide the appellate court with the authority to grant a new trial. However, per Knapp v. Edwards Laboratories, supra, an appellant is entitled to a new trial where, after an evidentiary hearing, a record cannot be settled and it is determined that the appellant is not at fault. See, also, State v. Polk, supra.

In Knapp, supra, the issue was whether the plaintiffs were entitled to a new trial because the court reporter was unable to transcribe portions of trial testimony necessary to properly present the assigned errors on appeal. This court held that, absent fault on the part of the appealing party, a new trial should be granted if, after all reasonable solutions are exhausted, an appellate record could not be compiled.

In Polk, supra, the indigent defendant's motion for a new trial was denied by the trial court, but appellate counsel was never appointed. The defendant was later granted a delayed appeal. In the interim, fire had destroyed the reporter's notes of the trial. The defendant and the prosecution submitted separate App.R. 9(C) statements. The trial judge, while admitting that he had no independent recollection of the trial, adopted the prosecutor's version verbatim. The defendant then filed a motion in the court of appeals to reverse his conviction and remand for a new trial. In his motion, the defendant argued that he had been denied his right to effective assistance of counsel in his appeal due to the absence of a trial transcript.

The court of appeals ruled that because the trial judge

had no independent recollection of the events of the trial and could not settle and approve the 9(C) statement, a new trial should be granted.  As in Knapp, the reviewing court in Polk noted that although the transcript was unavailable, it was not the fault of either the appellee or the appellant.

In this case, it is the state's position that Jones is solely responsible for the difficulty in creating the appellate record.  However, this factual issue has never been resolved by the trial court.  In this case, amicus and the court of appeals apparently agree that mere absence while out on bond, without any other aggravating circumstance, does not constitute defendant misconduct.  If it appears that Jones is substantially responsible for the inability to produce a record, then his appeal should proceed only on such record as the trial court can settle, or only on those issues for which a factual record is unnecessary.

## III

We support the position advanced by amicus that the trial court should have held an evidentiary hearing to determine whether Jones is substantially responsible for nonproduction of the record.  Presently, there is inadequate evidence before the court of any wrongdoing on Jones's part.

On remand, the trial court should make the following determinations: the reason for Jones' prolonged absence from the authorities; why an appeal was not taken in the case originally; what efforts the state made to rearrest Jones; what efforts Jones made to contact his attorney or the authorities, or to inquire into his status during the intervening years; and when the notes for the trial transcript were destroyed.

When the trial court determines whether Jones is responsible and whether he should suffer the consequences of nonproduction of the record, the case can proceed accordingly.

## IV

We are troubled by the fact that neither the trial court nor the court of appeals complied with App.R. 9.  Furthermore, the court of appeals should have dealt with the record before it by way of an opinion instead of a simple journal entry.  Due to the approach taken by both the court of appeals and the trial court, additional time has passed, making it even more difficult to compile and settle a 9(C) statement.

Based upon the foregoing, we reverse the decision of the court of appeals, remand this cause to the trial court, and direct the trial court to hold an evidentiary hearing on the issues noted above and to proceed in accordance with this opinion.

Judgment reversed
and cause remanded.

Moyer, C.J., A.W. Sweeney, Douglas and Pfeifer, JJ., concur.

Resnick and F.E. Sweeney, JJ., concur in part and dissent in part, and would reinstate the judgment of the trial court.


FOOTNOTES:
    1  Crim.R. 33(B) provides:
    "Motion for New Trial; Form, Time.  Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days

after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

"Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived.  If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

2  App.R. 9 states in pertinent part:

"(C) Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript Is Unavailable.  If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. *** The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval.  *** [A]s settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.

"***

"(E) Correction or Modification of the Record. *** If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted.  All other questions as to the form and content of the record shall be presented to the court of appeals."