THE STATE OF OHIO, APPELLANT, *v.* JONES, APPELLEE.

[Cite as *State v. Jones* (1994), 71 Ohio St.3d 293.]

(No. 93–1897—Submitted November 29, 1994—Decided December 23, 1994.)

295

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Karen L. Johnson,* Assistant Prosecuting Attorney, for appellant.

*James A. Draper,* Cuyahoga County Public Defender, and *Kenneth I. Sondik,* Assistant Public Defender, for appellee.

*Lee Fisher,* Attorney General, *Richard A. Cordray,* State Solicitor, and *Simon B. Karas,* Deputy Chief Counsel, urging reversal for *amicus curiae,* Attorney General Lee Fisher.

WRIGHT, J. We adopt in large measure the posture of *amicus curiae* Attorney General. *Amicus* advances three positions: (1) the court of appeals did not have original jurisdiction to grant a motion for a new trial; (2) a criminal defendant must suffer the consequences of nonproduction of an appellate record where such nonproduction is caused by his own actions; and (3) the trial court should hold an evidentiary hearing to determine whether Jones is substantially responsible for the absence of a record in this case.

## I

Section 3(B)(1), Article IV of the Ohio Constitution provides appellate courts with limited original jurisdiction. In addition to specified causes of action such as habeas corpus and mandamus, an appellate court has original jurisdiction over "any cause on review as may be necessary to its complete determination." Section 3(B)(1)(f), Article IV, Ohio Constitution. A motion for a new trial is not one of the causes of action specifically mentioned in Section 3. Furthermore, a motion for a new trial does not qualify as a "cause on review." As a result, the court of appeals did not have jurisdiction to grant the motion for a new trial.

Crim.R. 33(B) specifies the procedures to be followed with a motion for new trial.[1] The motion is to be submitted to and acted upon by the trial court, not the court of appeals. Therefore, the court of appeals erred in purporting to grant a motion for new trial.

As we noted above, Jones's purported motion for a new trial was essentially an *appeal* of the trial court's denial of his motion for a new trial. As such, the court of appeals could have properly exercised jurisdiction over Jones's "appeal" under Section 3(B)(1)(f), Article IV, Ohio Constitution, and considered the merits of Jones's appeal under App.R. 12(B). That rule provides:

---

1. Crim.R. 33(B) provides:

"Motion for New Trial; Form, Time. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

"Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one-hundred-twenty-day period.

" * * * When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the court of appeals shall reverse the judgment or final order that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment or final order. * * * "

Instead of acting outside its jurisdiction by granting Jones's purported motion for a new trial, the court of appeals, having jurisdiction over the cause pursuant to Jones's delayed appeal, could have properly reached the same result by remanding the cause for a new trial pursuant to App.R. 12. However, the court of appeals did grant the purported motion for a new trial. Because such an act is outside its original jurisdiction, we reverse the judgment of the court of appeals.

## II

A criminal defendant must suffer the consequences of nonproduction of an appellate record where such nonproduction is caused by his or her own actions. In the event the defendant's misconduct is determined not to be the cause of the nonproduction of the appellate record, absence of the record may require reversal of the underlying conviction and the grant of a new trial. See *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384; *State v. Polk* (Mar. 7, 1991), Cuyahoga App. No. 57511, unreported, 1991 WL 30250.

The correct procedure the court of appeals could have followed in this case is found in App.R. 9.[2] Where there is no record, App.R. 9(C) permits the trial court to hold an evidentiary hearing in order to settle and approve the appellate record. Where there are gaps in or disputes about the record, App.R. 9(E) provides a

---

2. App.R. 9 states in pertinent part:

"(C) Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript Is Unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. * * * The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. * * * [A]s settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.

" * * *

"(E) *Correction or Modification of the Record.* * * * If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."

procedure for correction or modification. Under that provision, a court of appeals may direct the trial court to settle the record.

App.R. 9 does not explicitly provide the appellate court with the authority to grant a new trial. However, per *Knapp v. Edwards Laboratories, supra,* an appellant is entitled to a new trial where, after an evidentiary hearing, a record cannot be settled and it is determined that the appellant is not at fault. See, also, *State v. Polk, supra.*

In *Knapp, supra,* the issue was whether the plaintiffs were entitled to a new trial because the court reporter was unable to transcribe portions of trial testimony necessary to properly present the assigned errors on appeal. This court held that, absent fault on the part of the appealing party, a new trial should be granted if, after all reasonable solutions are exhausted, an appellate record could not be compiled.

In *Polk, supra,* the indigent defendant's motion for a new trial was denied by the trial court, but appellate counsel was never appointed. The defendant was later granted a delayed appeal. In the interim, fire had destroyed the reporter's notes of the trial. The defendant and the prosecution submitted separate App.R. 9(C) statements. The trial judge, while admitting that he had no independent recollection of the trial, adopted the prosecutor's version *verbatim.* The defendant then filed a motion in the court of appeals to reverse his conviction and remand for a new trial. In his motion, the defendant argued that he had been denied his right to effective assistance of counsel in his appeal due to the absence of a trial transcript.

The court of appeals ruled that because the trial judge had no independent recollection of the events of the trial and could not settle and approve the 9(C) statement, a new trial should be granted. As in *Knapp,* the reviewing court in *Polk* noted that although the transcript was unavailable, it was not the fault of either the appellee or the appellant.

In this case, it is the state's position that Jones is solely responsible for the difficulty in creating the appellate record. However, this factual issue has never been resolved by the trial court. In this case, *amicus* and the court of appeals apparently agree that mere absence while out on bond, without any other aggravating circumstance, does not constitute defendant misconduct. If it appears that Jones is substantially responsible for the inability to produce a record, then his appeal should proceed only on such record as the trial court can settle, or only on those issues for which a factual record is unnecessary.

### III

We support the position advanced by *amicus* that the trial court should have held an evidentiary hearing to determine whether Jones is substantially responsi-

ble for nonproduction of the record. Presently, there is inadequate evidence before the court of any wrongdoing on Jones's part.

On remand, the trial court should make the following determinations: the reason for Jones's prolonged absence from the authorities; why an appeal was not taken in the case originally; what efforts the state made to rearrest Jones; what efforts Jones made to contact his attorney or the authorities, or to inquire into his status during the intervening years; and when the notes for the trial transcript were destroyed.

When the trial court determines whether Jones is responsible and whether he should suffer the consequences of nonproduction of the record, the case can proceed accordingly.

## IV

We are troubled by the fact that neither the trial court nor the court of appeals complied with App.R. 9. Furthermore, the court of appeals should have dealt with the record before it by way of an opinion instead of a simple journal entry. Due to the approach taken by both the court of appeals and the trial court, additional time has passed, making it even more difficult to compile and settle a 9(C) statement.

Based upon the foregoing, we reverse the decision of the court of appeals, remand this cause to the trial court, and direct the trial court to hold an evidentiary hearing on the issues noted above and to proceed in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS and PFEIFER, JJ., concur.

RESNICK and F.E. SWEENEY, JJ., concur in part and dissent in part, and would reinstate the judgment of the trial court.