OPINION
This delayed appeal arises from Appellant's, Wayne Bryant Abdallah, conviction in Youngstown Municipal Court for possession of drug abuse instruments in violation of R.C. § 2925.12, a second degree misdemeanor. Appellant argues, pro se, that he was denied credit for time served and that he was promised a shorter sentence. Appellant's arguments are without merit and the conviction and sentence are hereby affirmed.
Appellant was arrested on July 10, 1999, after trespassing in a vacant Youngstown Municipal Housing Authority apartment while possessing a hypodermic needle. He was charged with criminal trespass, in violation of R.C. § 2911.21, and possession of drug abuse instruments, in violation of R.C. § 2925.12. On August 13, 1999, he entered into a plea agreement in which the criminal trespass charge was dismissed and in which he pleaded no contest to the remaining charge. Appellant was represented by appointed counsel at the time. The court sentenced Appellant to ninety days in jail, as well as a fine and court costs. (8/13/99, J.E., p. 1).[1]
On December 29, 1999, Appellant filed a pro se Petition/Motion for Appeal, with memo attached. On April 3, 2000, this Court construed Appellant's filing as a motion for leave to file delayed appeal. This Court granted the motion, and accepted the previously filed memo as Appellant's brief.
On September 18, 2000, this Court filed a Journal Entry granting Appellant a stay of execution of sentence. The stay did not affect any other sentence imposed in any other case.
Although Appellant did not file a formal assignment of error, we construe his argument to be that R.C. § 2945.71, which deals with speedy trial time limits, requires that his sentence be reduced for any time he was in jail after he was arrested and prior to being sentenced. R.C. § 2945.71(B)(2) requires that a person who is charged with a first or second degree misdemeanor be brought to trial within ninety days.
Appellee argues that R.C. § 2945.71 has no bearing on Appellant's sentence because it refers only to the procedure for calculating a defendant's statutory speedy trial rights. Appellee's argument is persuasive. The speedy trial statute does not affect sentencing or credit for time served.
Appellant also argues that the prosecutor led him to believe that he would receive a reduced sentence by virtue of R.C. § 2945.71 if he entered into a plea agreement. There is nothing in the record indicating that the prosecutor agreed to recommend a reduced sentence as one of the terms of the plea agreement. An appellate court generally presumes the regularity of proceedings below in the absence of a transcript of those proceedings or an acceptable substitute. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. "A criminal defendant must suffer the consequences of nonproduction of an appellate record * * *". State v.Jones (1994), 71 Ohio St.3d 293-297. It is also unclear how R.C. §2945.71, the speedy trial statute, can have any impact on the sentence a prosecutor would recommend as part of a plea agreement. Without a transcript of proceedings, or some equivalent pursuant to App.R. 9 and 10, this Court cannot review whether the prosecutor made a recommendation at sentencing or what that recommendation might have been.
For the foregoing reasons, we overrule Appellant's arguments on appeal and affirm the conviction and sentence of the Youngstown Municipal Court.
Donofrio, J., concurs.
DeGenaro, J., concurs.
[1] The record contains conflicting information as to Appellant's sentence. An August 13, 1999, Judgment Entry indicates that Appellant was sentenced to a ninety day suspended jail sentence. An August 16, 1999, Commitment/Mittimus form indicates that Appellant was sentenced to ninety days in jail consecutive to time from a prior unidentified conviction. Neither document is signed by the trial judge. The docket entry for August 13, 1999, does not indicate that Appellant's sentence was suspended. If the August 13, 1999 Judgment Entry is not a judgment entry but only a plea agreement, we recommend that the trial court correct its standardized forms to reflect this.