OPINION JOURNAL ENTRY
This cause comes on appeal from a sentencing order of October 8, 1992, imposing a term of four to fifteen years incarceration after conviction by a jury upon a charge of felonious assault. Appellant also received a three year mandatory sentence for a firearm specification. The trial court docket record reflects that on November 5, 1992, substitute counsel was appointed to assist appellant in his appeal to this court.
The docket record of this court reveals that on June 14, 1993, eight months after the appeal was filed, counsel moved for a transcript at state expense and leave to file a merit brief thereafter. This motion was sustained on June 24, 1993. Over two years later, on October 31, 1995, this appeal was sua sponte dismissed for the failure of appellant to file assignments of error and brief. The following month, on motion of appellant the appeal was reinstated, as the previously court ordered transcript of trial proceedings had not been produced. In the motion to reinstate the appeal, counsel for appellant sought additional time to retranscribe the reporter's notes or locate the transcript. As part of the reinstatement order, appellant was granted leave until January 3, 1996 to file the transcript of proceedings and twenty days thereafter to file a brief.
This appeal languished for an additional two years until March 5, 1998, when counsel for appellant filed another motion for a transcript at state expense and leave to file a merit brief thereafter. On March 19, 1998, this court again ordered production of the entire transcript of trial proceedings. As no merit brief was forthcoming, on October 26, 1998, this court put on an order advising the parties that the appeal would be dismissed unless appellant filed a brief by a date certain. Upon receipt of this notice, appellant filed a "Motion to Proceed Under Appellate Rule 9C." In the motion, counsel reiterated that no transcript of proceedings had been prepared and additionally stated that all efforts to ascertain the whereabouts of the notes to transcribe were futile. On January 7, 1999, this court granted the motion to proceed under App.R. 9(C) or (D) and allowed ninety days to file such statement as part of the record on appeal. No statement in lieu of a transcript has been filed.
Since the date of sentence, the trial judge has died, the Court Reporter has retired, the assistant prosecutor has entered private practice and trial defense counsel has become as assistant prosecutor.
On August 16, 2000, appellee filed a motion to dismiss this appeal for failure of appellant to file a brief. On August 31, 2000, appellant filed a memorandum in opposition. In said memorandum, appellant submits for the first time that efforts to provide a 9(C) statement were fruitless because both counsel involved represented that "they cannot because of the passage of time provide any statement that would be of value to the Defendant under App.R. 9(C)." As the burden is on the state to provide an indigent defendant with a transcript of proceedings or its equivalent, and that could not be done in this case, appellant contends that he is entitled to a dismissal of the charges against him. We now proceed to a review of the applicable law to the respective positions taken by the parties.
 ANALYSIS
A presumption of validity attends to a trial court's action. As a general proposition of law, the burden to demonstrate error falls on appellant and appellant must provide the necessary transcript for appellate review. As stated in the second syllabus to Columbus v. Hodge
(1987), 37 Ohio App.3d 68:
 "2. The duty to provide a transcript for appellate review falls upon the appellant because an appellant bears the burden of showing error by reference to the matters in the record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, a court has nothing to pass upon and, thus, the court must presume the validity of the lower court's proceedings."
See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197; Tyrrell v.Investment Assoc., Inc. (1984), 16 Ohio App.3d 47. However, in the criminal arena it is an established constitutional right that an indigent defendant must be afforded a transcript of trial proceedings or its equivalent for an effective appeal. Britt v. North Carolina (1971),404 U.S. 226. Moreover, the burden is on the state to show that a transcript of prior proceedings is not needed for an effective appeal.State v. Arrington (1975), 42 Ohio St.2d 114.
The standard to be applied in this case is expressed in State v. Jones
(1994), 71 Ohio St.3d 293. In early 1982, Jones was convicted and sentenced on multiple felonies but his bond was continued while an anticipated appeal was to be filed. No appeal was ever filed. Some five years later a capias was issued for his arrest. It was not until 1990 that Jones was returned to custody and began serving his sentence. Two years later, Jones was granted a delayed appeal. By that time, the trial notes had been properly destroyed and the record could not be reconstructed. Jones filed a motion for new trial. The court denied the motion and further determined that it could not settle a 9(C) statement. On appeal, the court of appeals ordered a new trial in accordance with its decision announced in State v. Polk (March 7, 1991), Cuyahoga App. No. 57511, unreported. On further appeal, the Ohio Supreme Court held:
 "A criminal defendant must suffer the consequences of nonproduction of an appellate record where such nonproduction is caused by his or her own actions. In the event the defendant's misconduct is determined not to be the cause of the nonproduction of the appellate record, absence of the record may require reversal of the underlying conviction and the grant of a new trial." (Citations omitted).
The Jones court went on to hold that an evidentiary hearing was warranted to determine whether the defendant was substantially responsible for nonproduction of the record. In Polk, supra, the court reporter's notes were destroyed by fire and the failure of the trial judge to settle and approve a 9(C) statement based on his independent recollection of events resulted in a new trial for the defendant.
Jones and Polk are distinguishable from the case sub judice. Although substitute appellate counsel may not have been aware of her appointment as appellate counsel until June 1993, it was easily discoverable immediately after this court issued its production order on June 24, 1993, whether a transcript of proceedings could be produced. The lapse of time between June 24, 1993 and eventual dismissal on October 31, 1995 is chargeable against appellant for failure to affirmatively take timely action to protect his appellate rights by having either a trial transcript or alternative statement filed as part of the record on appeal.
As indicated on the trial docket, the trial of this cause occurred over a three day period. It would defy logic to expect that the transcription of a three-day trial would require more than several months of preparation time. It was not until the November, 1995 motion to reinstate the appeal (three years after the appeal was originally filed) that this court was apprised of difficulty with the transcript of trial proceedings. Even after reinstatement, three more years passed before appellant filed a motion for a 9(C) statement in lieu of a transcript of proceedings. This court granted ninety days to obtain the statement. No statement was obtained. Appellant did not formally advise this court of the inability to obtain a meaningful 9(C) statement until a response to the motion to dismiss was filed on August 31, 2000.
In the case before us, appellant had an opportunity, over a significant number of years, to propose a statement of evidence to be submitted for approval as part of the record. This is especially true when it became evident that the trial notes were not available. The problem facing appellant and this Court may have been avoided if immediate action was taken to address the problem of trial notes being unavailable for transcription. Timely action closer to the date of the event would have enabled the parties to construct a 9(C) statement of evidence in lieu of a transcript of proceedings. As noted in State v. Jells (1990),53 Ohio St.3d 22 at 32:
 "Where a proceeding has not been preserved counsel may invoke the procedure of App.R. 9(C) or 9(E) to reconstruct what was said or to establish its importance. `In the absence of an attempt to reconstruct the substance of the remarks and demonstrate prejudice, the error may be considered waived.'" State v. Brewer (1990), 48 Ohio St.3d 50, 60-61; United States v. Gallo (C.A.6, 1985), 763 F.2d 1504, 1529-1532 certiorari denied (1986), 475 U.S. 1017.
We find that the failure of appellant to timely take affirmative steps to preserve his appellate rights is a substantial reason for the absence of a transcript of trial proceedings or a statement in lieu of a transcript.
On consideration of the record before this court, we sustain the motion of the State of Ohio to dismiss this appeal pursuant to App.R. 18(C) for failure of appellant to file a brief. Appeal dismissed. Costs taxed against appellant.
VUKOVICH, P.J., WAITE, J., and DeGENARO, J., concurs.