OPINION
{¶ 1} Defendant-appellant Keith L. Yun appeals the February 14, 2002 Judgment Entry entered by the Canton Municipal Court, denying his Motion to Withdraw Pleas of Nolo Contendre. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 30, 2000, a complaint was filed against appellant in Canton Municipal Court Case No. 00CRB1248, alleging one count of domestic violence, in violation of R.C. 2919.25(A). Subsequently, on April 12, 2000 a complaint was filed against appellant in Canton Municipal Court Case No. 00CRB01438, alleging one count of domestic violence, in violation of R.C. 2919.25(A), and one count of violating a protection order, in violation of R.C. 2919.27. The Stark County Court of Common Pleas, Domestic Relations Division, had issued a civil protection order against appellant on March 31, 2000.
 {¶ 3} The trial court conducted a pretrial on April 26, 2000, at which time appellant withdrew his former pleas of not guilty and entered pleas of no contest to the domestic violence count in Case No. 00CRB01248, and the violating a protection order charge in Case No. 00CRB01438. The State moved to dismiss the remaining count of domestic violence in accordance with the parties' plea agreement. The trial court sentenced appellant to thirty days in county jail with credit for fourteen days served, placed appellant on probation for a period of two years, and imposed a fine and court costs. The trial court subsequently revoked appellant's probation after appellant was sentenced to prison on an unrelated case.
 {¶ 4} On February 12, 2002, appellant filed a Motion to Withdraw Pleas of Nolo Contendre. The trial court summarily overruled appellant's motion via Judgment Entry filed February 14, 2002. Appellant filed a timely notice of appeal from that judgment to this Court. Appellant also filed a request for the preparation of the transcripts of the proceedings in the matter. Via Judgment Entry filed March 21, 2002, the trial court overruled appellant's motion for transcripts, noting the audio tapes of the proceedings are maintained by the court for a period of one year, and because over one year had elapsed since appellant's proceedings, such audio tapes from which to prepare a transcript were unavailable.
 {¶ 5} Appellant raises the following assignments of error:
 {¶ 6} "I. TRIAL COURT WAS UNABLE TO PROVIDE APPELLANT WITH TRANSCRIPTS OF PROCEEDINGS RESULTING IN VIOLATIONS OF FIFTH AND FOURTEENTH CONSTITUTIONAL AMENDMENTS, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 {¶ 7} "II. TRIAL COURT ERRED BY DEMANDING, ACCEPTING AND LATER OVERRULING A MOTION CONCERNING PLEAS OF NOLO CONTENDRE VIOLATING APPELLANT'S RIGHTS TO DUE PROCESS AND FAIR, IMPARTIAL TRIAL."
 I. {¶ 8} In his first assignment of error, appellant maintains the trial court violated his Fifth and Fourteenth Amendment Constitutional Rights by failing to provide him with a transcript of the proceedings. We disagree.
 {¶ 9} Pursuant to App.R. 9(B), the duty of ordering a transcript of the proceedings is upon the appellant. Appellant herein properly requested the necessary transcripts. However, the trial court overruled appellant's request for the transcripts as the local rules only require the audio tapes of court proceedings be kept for one year, and appellant's request was made almost two years after his sentencing. Upon learning the transcript was unavailable, appellant had the opportunity to prepare an App.R. 9(C) statement. Appellant's Statement of Assignment of Errors to Be Submitted and Parts of Transcript Used to Support Errors filed May 9, 2002, reads: "Defendant-appellant asserts assignments of error to be submitted are contained in the original motion (attached) and are the errors that will be relied on as well as the statements contained in the affidavit will be submitted pursuant to App.R. 9(C) in the event a complete transcript cannot be produced." Appellant concludes he has fulfilled the requirements of App.R. 9(C). However, upon review of the record, we find the documents upon which appellant relies to form his App.R. 9(C) statement provide no statement of the evidence or proceedings as required by App.R. 9. The documents merely assert appellant's arguments. Furthermore, appellant did not submit the material to the trial court for settlement and approval.
 {¶ 10} In State v. Jones, 71 Ohio St.3d 293, 1994-Ohio-162,643 N.E.2d 547, the Ohio Supreme Court held: "A criminal defendant must suffer the consequences of nonproduction of an appellate record where such nonproduction is caused by his or her own actions." Id. at 297. We find appellant's undue delay between the trial court's entering his conviction and sentence, and his filing of the Motion to Withdraw Pleas of Nolo Contendre caused the unavailability of the transcripts. Accordingly, we find appellant must suffer the consequences of his actions. Additionally, appellant has failed to provide this Court with an alternative record to review pursuant to App.R. 9, and in the absence of a bona fide attempt to reconstruct the evidence pursuant to App.R. 9 and demonstrate prejudice, appellant's error is waived. See, State v. Jells
(1990), 53 Ohio St.3d 22, 32, 559 N.E.2d 464 (Citation omitted).
 {¶ 11} Appellant's first assignment of error is overruled.
 II. {¶ 12} In his second assignment of error, appellant asserts the trial court violated his due process and fair trial rights by accepting his pleas of no contest and subsequently overruling his motion to withdraw said pleas.
 {¶ 13} Absent a transcript of the proceedings before the trial court or, in the alternative, an App.R. 9(C) statement, this Court must presume regularity in the underlying proceedings. See, State. Brandon
(1989), 45 Ohio St.3d 85, 87, 543 N.E.2d 501.
 {¶ 14} Appellant's second assignment of error is overruled.
 {¶ 15} The judgment of the Canton Municipal Court is affirmed.
By: Hoffman, P.J., Wise, J. and, Boggins, J. concur.
topic: Effects of appellant's failure to submit app. R. 9c statement.