OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Jerome Hayes, filed a pro se appeal from the decision of the Youngstown Municipal Court, Mahoning County, Ohio which found him guilty of disorderly conduct in violation of R.C. 2917.11(A)(2), a minor misdemeanor. We are asked to reverse the trial court's decision because of the ineffectiveness of Hayes' trial counsel and because the conviction was not supported by sufficient evidence. However, Hayes has failed to provide us with a transcript of the proceedings before the trial court. Accordingly, we must presume the regularity of the trial court's proceedings and affirm its decision.
 {¶ 2} This is the second appeal from the underlying facts. SeeState v. Hayes (Aug. 14, 2000), 7th Dist. No. 98 CA 130. It appears Hayes was attending an administrative review conference at the offices of the Youngstown Board of Education with the superintendent of the Youngstown City School District, Benjamin McGee to discuss the status of Hayes' autistic daughter. During the course of the conference, a dispute arose between Hayes and McGee. As a result of his actions, Hayes was arrested and charged with disorderly conduct which he persisted in after reasonable warning or request to desist in violation of R.C. 2917.11(A)(2), a fourth degree misdemeanor. The case proceeded to a jury trial, at which Hayes appeared pro se, was found guilty, and the trial court sentenced him accordingly. In Hayes' first appeal, this court concluded the trial court failed to adequately inquire into whether Hayes intelligently and knowingly waived his right to counsel, and reversed his conviction.
 {¶ 3} On remand, the matter proceeded to another jury trial where Hayes was represented by counsel. The jury found Hayes guilty of disorderly conduct, but found he did not continue in that conduct after reasonable warning or request to desist, thereby making this offense a minor misdemeanor. The trial court fined Hayes fifty dollars plus costs. Hayes timely appealed that judgment.
 {¶ 4} The State has moved to dismiss this appeal because Hayes did not serve the State with a copy of his brief and did not file a transcript of proceedings. In response, Hayes moved to supplement the record with a hearing transcript he had already obtained, but originally failed to include in the record. This court granted Hayes' motion and allowed him thirty days to file that transcript and a reply brief. Hayes did not file either within the allotted time. Accordingly, we will proceed to address his appeal without that transcript or reply brief.
 {¶ 5} Hayes argues the following two assignments of error on appeal:
 {¶ 6} "Ineffective Counsel."
 {¶ 7} "The trial court erred as a matter of law in holding that all elements of the offense were proved beyond a reasonable doubt."
 {¶ 8} Before addressing the merits of Hayes' arguments, we will first address the State's motion to dismiss this appeal. It first moves to dismiss because it was not served with a copy of his merit brief. However, the certificate of service attached to Hayes' brief indicates it was, in fact, served upon the Youngstown City Prosecutor by regular mail on May 14, 2002. Further, even if it was not properly served, we have allowed the State to respond to the brief. Thus, the State was not prejudiced by the alleged failure in service. Accordingly, we will not dismiss this case due to Hayes' alleged failure to properly serve his brief upon the State. As for the State's second argument, the failure to file a transcript of proceedings does not call for a dismissal of the appeal. As will be discussed below, the proper action for this court to take is to presume the regularity of the trial court proceedings and affirm its decision.
 {¶ 9} Each of Hayes' assignments of error demands a review of what events transpired at the jury trial. In his first assignment of error, Hayes claims he was denied the effective assistance of counsel for a variety of reasons. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. A properly licensed attorney is presumed to execute his duties in an ethical and competent manner. State v. Smith (1985), 17 Ohio St.3d 98, 17 OBR 219,477 N.E.2d 1128. To establish prejudice, a defendant must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland at 694. A reasonable probability must be a probability sufficient to undermine confidence in the outcome of the case. Bradley at paragraph three of the syllabus. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel. Smith, supra. Thus, in order for this court to determine whether counsel was ineffective, we must review the evidence given at Hayes' second trial to determine whether he was actually prejudiced.
 {¶ 10} In Hayes' second assignment of error, he claims the trial court erred when it found all elements of the offense were proven beyond a reasonable doubt. Although he refers to the transcripts of his first and second trials in his brief, the first trial transcript is irrelevant, and Hayes neglected to file the second transcript with this court. Clearly, in order to determine whether his conviction was supported by sufficient evidence, we must be able to review the evidence given at trial.
 {¶ 11} Because these assignments of error require us to review the proceedings, we cannot perform a meaningful appellate review without a properly filed transcript of Hayes' second trial.
 {¶ 12} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 15 O.O.3d 218, 400 N.E.2d 384.
 {¶ 13} "This court has previously explained the consequences of failing to provide a transcript of the proceedings when assigning error to evidentiary rulings. In J.F. Smith Plumbing Heating v. McNamara
(Apr. 25, 1985), Mahoning App. No. 83CA17, unreported, we observed: `There has been no transcript of proceedings filed by the appellant in this case. All of the allegations of the appellant under his assignments of error deal with statements of the trial judge and evidence presented and cannot be reviewed by this court because of the lack of a record. It is the duty and obligation of the appellant to properly perfect his appeal. Appellant having failed to do so, by necessity, we must affirm the judgment of the trial court.' Since appellant has failed to provide this court with a transcript or an acceptable alternative, there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below." DeCato v. Goughnour (2000),136 Ohio App.3d 795, 799, 737 N.E.2d 1042.
 {¶ 14} Even "[a] criminal defendant must suffer the consequences of non-production of an appellate record when such non-production is caused by his or her own actions." State v. Jones (1994),71 Ohio St.3d 293, 297, 643 N.E.2d 547. Absent a transcript of hearing or other App.R. 9(C) or (D) alternative, we must assume the regularity of lower court proceedings and affirm. State v. Dillon (Mar. 8, 1999), 7th Dist. No. 96-BA-17.
 {¶ 15} Although Hayes' brief indicates he had obtained the transcript from his second trial, unfortunately he not only failed to initially file that transcript, he still failed to file the transcript after we granted him thirty (30) days leave to do so pursuant to a motion he filed after both parties' filed their briefs. However, as we do not have that transcript, it prevents us from being able to reach the merits of his appeal. Accordingly, we conclude Hayes' assignments of error are meritless and affirm the trial court's decision.
Donofrio, J. and Waite, J., concurs.