OPINION
{¶ 1} Appellant Lloyd Justice appeals his conviction, for driving under the influence and improper use of marked lanes, claiming he is entitled to a new trial due to the court reporter's inability to provide a full transcript of the jury trial proceedings. The following facts give rise to this appeal.
 {¶ 2} On September 27, 2003, Trooper R.A. Lanning, of the Ohio State Highway Patrol, arrested appellant for driving under the influence, improper use of marked lanes and driving with no seatbelts. At his arraignment, on October 2, 2003, appellant entered a plea of not guilty. This matter proceeded to a jury trial on April 6, 2004. Following deliberations, the jury found appellant guilty of driving under the influence. The trial court found appellant guilty of improper use of marked lanes and acquitted appellant of the seatbelt violation. The trial court sentenced appellant to 180 days in jail and suspended 170 of the days, leaving ten days of jail time for appellant to serve in the Fairfield County Jail.
 {¶ 3} Appellant timely filed a notice of appeal on July 22, 2004. When the court reporter attempted to prepare a transcript of the two-day jury trial, she discovered the majority of the testimony was inaudible. Further, the direct testimony of Trooper Lanning was not recorded to audiotape. Only Trooper Lanning's cross-examination and re-direct were taped.
 {¶ 4} On appeal, appellant sets forth the following assignment of error for our consideration:
 {¶ 5} "I. APPELLANT IS ENTITLED TO A NEW TRIAL DUE TO THE COURT REPORTER'S INABILITY TO PROVIDE A FULL TRANSCRIPT OF JURY TRIAL PROCEEDINGS NECESSARY TO PROPERLY PRESENT ERRORS ON APPEAL."
 I {¶ 6} In his sole assignment of error, appellant maintains he is entitled to a new trial due to the court reporter's inability to provide a full transcript of the jury trial proceedings. We disagree.
 {¶ 7} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, citing State v.Skaggs (1978), 53 Ohio St.2d 162, 163. This requirement is set forth in App.R. 9(B), which provides, in pertinent part, as follows: "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." Further, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp at 199.
 {¶ 8} In the case sub judice, appellant did not meet his burden, under App.R. 9(B), and supply this Court with a transcript of the proceedings from his two-day jury trial. This was not due to appellant's fault. Rather, an affidavit, from the court reporter, Cheri Shaw, indicates the audiotape recordings are of poor quality and inaudible. As a result, it was impossible for Ms. Shaw to prepare a transcript of the proceedings. Ms. Shaw also opines that Trooper Lanning's testimony on direct examination was not recorded. Affidavit Cheri Shaw at ¶ 3 and ¶ 4. It is on this basis that appellant requests this Court to order a new trial on his behalf.
 {¶ 9} Although the court reporter was not able to prepare a transcript of the proceedings, from the audiotapes, other options were available to appellant in order to supply this Court with a transcript for purposes of review. Specifically, under App.R. 9(C), appellant could have submitted a narrative transcript of the proceedings, subject to objections from appellee and approval from the trial court. Also, under App.R. 9(D), the parties could have submitted an agreed statement of the case in lieu of the record. The record in this matter indicates appellant did not attempt to avail himself of either App.R. 9(C) or 9(D).
 {¶ 10} Instead, appellant claims he is entitled to a new trial. Appellant argues he could not comply with App.R. 9(C) because of the length of delay previously encountered in the case and due to the fact that the prosecutor involved in the case is no longer employed at the prosecutor's office. As an appellate court, App.R. 9 does not explicitly provide us with the authority to grant a new trial. State v. Jones
(1994), 71 Ohio St.3d 293, 298, 1994-Ohio-162. Pursuant to Knapp, supra, an appellant is entitled to a new trial where, after an evidentiary hearing, a record cannot be settled and it is deemed that the appellant is not at fault. Id. In Knapp, the Court concluded that absent fault on the part of the appealing party, a new trial should be granted if, after all reasonable solutions are exhausted, an appellate record could not be compiled. Id.
 {¶ 11} In the matter currently before the Court, based upon the affidavit of Cheri Shaw, it appears that it was not appellant's fault that the audiotape is inaudible and that certain portions of Trooper Lanning's testimony were not recorded. However, the record indicates appellant did not attempt to avail himself of App.R. 9(C) or 9(D). Appellant's failure to avail himself of these rules precludes a finding of prejudice. See Stark v. Haser (Sept. 2, 2004), Delaware App. No. 03CAF11057, 2004-Ohio-4641, at ¶ 32.
 {¶ 12} Appellant's sole assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Fairfield County Municipal Court, Fairfield County, Ohio, is hereby affirmed.
Wise, J., Boggins, P.J., and Gwin, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed. Costs assessed to Appellant.