[Cite as *State v. Diaz*, 2016-Ohio-7526.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                                Court of Appeals No. L-16-1104

       Appellee                                      Trial Court No. CR0200502072

v.

Pedro A. Diaz                                          **DECISION AND JUDGMENT**

       Appellant                                      Decided:  October 28, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Pedro A. Diaz, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal brought by appellant from the judgment of the

Lucas County Court of Common Pleas denying the appellant's fifth motion for

postconviction relief.

**{¶ 2}** Following a jury trial, appellant was convicted in 2005 of murder and aggravated robbery, both with a firearm specification. On direct appeal, this court affirmed the convictions but remanded for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{¶ 3}** On July 27, 2006, appellant filed his first petition for postconviction relief. He then filed his second petition on May 20, 2008, and his third petition June 16, 2008. These petitions were denied and on appeal, this court affirmed the decisions of the trial court.

**{¶ 4}** On February 25, 2015, appellant filed for a copy of the trial transcripts at state expense. Appellant did not appeal that denial from the trial court.

**{¶ 5}** Appellant filed his fifth petition for postconviction relief on April 15, 2016. The petition alleged that the indictment was not signed by the grand jury foreperson and that the trial court failed to instruct the jury on the lesser included offense of involuntary manslaughter. Further, appellant alleged that his inability to obtain a copy of the trial transcript was grounds for a new trial. Appellant appeals from the trial court's denial of this petition.

**{¶ 6}** Appellant presents four assignments of error:

> 1. The indictment is fatally defective and therefore a legal nullity, thus all subsequent proceedings are void and the judgment of conviction and sentence must be vacated and the case dismissed with prejudice.

2.

2. The trial court erred, and due process was denied, when the court failed to instruct the jury on the lesser included offense of involuntary manslaughter.

3. Because there is no record of trial court proceedings, the appellant is entitled to a new trial pursuant to the tenets set forth by the Ohio Supreme Court in State v. Jones, 71 Ohio St.3d 293, 1994-Ohio-162, 643 N.E.2d 547.

4. The trial court abused its discretion for failing to hold a hearing on appellant's motion for relief that was filed on April 15, 2016.

{¶ 7} R.C. 2953.21(A)(2) establishes a limitation on the time within which a petition for postconviction relief can be filed. At the time of appellant's sentencing in 2005, the statute restricted filing to no later than one hundred eighty days after which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. The record of this case establishes that the transcript was filed in this court on the direct appeal on February 8, 2006. This petition is filed more than a decade since that event.

{¶ 8} The procedure to be complied with in the filing of subsequent successive petitions is governed by R.C. 2953.23. That section states, in pertinent part:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that

3.

section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the

DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code, and "former section 2953.82 of the Revised Code" has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code.

{¶ 9} In this appeal, the appellant cannot demonstrate that the facts upon which he relies were unavoidably prevented from discovery. The appellant claims that the indictment was not signed by the grand jury foreperson and therefore, fatally defective. In fact, the record shows that the indictment was indeed signed by the foreperson and appellant was obviously not unavoidably prevented from discovery of this fact over a decade ago. The claims of improper jury instruction and availability of trial transcripts were issues that were clearly available to be raised in his direct appeal. In fact, the trial transcripts were filed in this court in his direct appeal over a decade ago on February 8, 2006.

{¶ 10} Further, the appellant has not advanced a claim that the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation.

**{¶ 11}** Therefore, appellant must rely on 2953.23(A)(2). However, he has not claimed that DNA testing was performed and that results of the DNA testing establish, by clear and convincing evidence, actual innocence.

**{¶ 12}** Appellant has not met the requirements for a timely petition for his successive petition and the trial court was without jurisdiction to entertain the petition and the appellant was not entitled to an evidentiary hearing. *See* R.C. 2953.21(C).

**{¶ 13}** Appellant's four assignments of error are found not well-taken.

### Conclusion

**{¶ 14}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment Affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
               JUDGE

Thomas J. Osowik, J.

              _____
Stephen A. Yarbrough, J.        JUDGE
CONCUR.

              _____
               JUDGE

6.