[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Jones*, Slip Opinion No. 2024-Ohio-2719.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2719

THE STATE OF OHIO, APPELLANT, *v.* JONES, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Jones*, Slip Opinion No. 2024-Ohio-2719.]

*Ohio Const., art. IV, § 2(B)(2)—R.C. 2505.03(A)—This court has jurisdiction to review court of appeals' judgment under Article IV, Section 2(B)(2) of Ohio Constitution and R.C. 2505.03(A)—App.R. 12—Court of appeals did not affirm, modify, or reverse trial court's judgment as required by App.R. 12(A)(1)(a)—Court of appeals did not decide all assignments of error raised on appeal as required by App.R. 12(A)(1)(c)—Court of appeals' judgment reversed and cause remanded.*

(No. 2023-0572—Submitted December 13, 2023—Decided July 25, 2024.)

APPEAL from the Court of Appeals for Hamilton County, No. C-220007, 2023-Ohio-844.

_____

STEWART, J., authored the opinion of the court, which DONNELLY AND LUPER SCHUSTER, JJ., joined and BRUNNER, J., joined except as to paragraph 15.

KENNEDY, C.J., concurred in judgment only in part, with an opinion joined by DEWINE and BRUNNER, JJ. FISCHER, J., concurred in judgment only. BETSY LUPER SCHUSTER, J., of the Tenth District Court of Appeals, sat for DETERS, J.

**STEWART, J.**

{¶ 1} In this discretionary appeal from a split decision of the First District Court of Appeals, we determine whether the First District properly remanded the case with orders that included, among other things, that appellee, Michael Jones, file a new motion to suppress. Because the First District did not affirm, modify, or reverse the trial court's judgment and did not decide all the assignments of error that were raised on appeal, we reverse the judgment of the First District and vacate its entry ordering limited remand, and we remand the case to that court for it to enter a judgment that complies with App.R. 12.

**Facts and Procedural History**

{¶ 2} A jury convicted Jones of ten drug-trafficking and drug-possession charges. Prior to trial, Jones moved to suppress evidence that was seized from a safe found in a house in Cincinnati.[1] Jones argued that the person who signed a consent-to-search form for the house lacked the authority to consent and that the information provided to the magistrate to support a search warrant for the safe was insufficient.

{¶ 3} The trial court denied the motion to suppress. Following the jury verdict, the trial court sentenced Jones to an aggregate prison term of 22 years to 24 years and 6 months.

{¶ 4} On appeal, Jones argued in one of his assignments of error that his trial counsel had provided ineffective assistance by failing to challenge the evidence found in the safe as being a product of coercion and an improper protective sweep

---

1. For a more complete recitation of the facts, see the First District's opinion, 2023-Ohio-844, ¶ 2-6 (1st Dist.).

of the house in violation of the Fourth Amendment to the United States Constitution. The First District found that Jones's trial counsel had a reasonable basis to challenge the consent to search as coerced and involuntary. 2023-Ohio-844, ¶ 14 (1st Dist.). The First District also determined that Jones's trial counsel had a reasonable basis to challenge the officers' protective sweep of the house as unconstitutional. *Id.* at ¶ 19. The First District concluded that trial counsel's failure to raise these arguments in support of Jones's motion to suppress constituted deficient assistance of counsel, that "[a]bsent that deficient assistance, there is a reasonable probability that the outcome of the trial would have been different," and that Jones therefore "suffered prejudice from the deficient performance." *Id.* at ¶ 21.

{¶ 5} Based on this conclusion, the First District ordered a limited remand to permit Jones's counsel to file a new motion to suppress, for the trial court to hold a suppression hearing to determine whether the evidence found in the safe should be suppressed, and for the trial court to analyze the suppression of the evidence in a manner consistent with the court of appeals' opinion. *Id.* at ¶ 28. The First District stayed consideration of Jones's remaining assignments of error until the trial court determined whether the evidence found in the safe should be suppressed. *Id.* at ¶ 29.

{¶ 6} In its entry ordering limited remand, the First District detailed the following remand instructions:

> This remand is limited to the trial court's determination of whether the evidence seized from the safe should be suppressed. Before the hearing, Jones's counsel must submit a new motion to suppress and raise the constitutional issues omitted by his previous counsel, and the court must provide an opportunity for a response from the state. The parties are entitled to raise arguments and

present evidence for or against the suppression of the evidence. The trial court must analyze the suppression of the evidence in a manner consistent with the Opinion filed on this date. Following the hearing, the trial court is ordered to state its findings of fact and law on the record so that we may complete our appellate review.

Regarding the status of the remainder of Jones's appeal, the entry explained:

This remand is limited in nature, and we sua sponte stay proceedings on the remainder of Mr. Jones's appeal until the trial court rules on the issue remanded. Within 14 days after the trial court's ruling, the parties shall notify the court of such ruling, and if necessary, the parties may file supplemental briefs no longer than ten pages, explaining how or whether that ruling impacts Mr. Jones's remaining assignments of error. Further, the trial court clerk should, by means of a supplemental record, transmit and certify its determinations to this Court. The Court will issue an opinion addressing the remainder of Mr. Jones's assignments of error after receipt of any supplemental brief.

{¶ 7} The dissenting judge would have affirmed Jones's convictions. Relevant here, the dissenting judge disagreed that Jones had demonstrated that he received ineffective assistance of counsel and noted that even if he had, "the proper remedy for a constitutional violation is not a remand to the trial court for further proceedings on a motion to suppress, but rather vacating Jones's convictions and ordering [a] new trial." *Id.*, 2023-Ohio-844, at ¶ 53 (1st Dist.) (Winkler, J., dissenting).

{¶ 8} This court accepted appellant State of Ohio's discretionary appeal on the following propositions of law:

1. On appeal, a reviewing court is limited to the evidence admitted into the record by the trial court.

2. A court of appeals is obligated to follow the standard of review for ineffective assistance of counsel claims set forth in *Strickland v. Washinton*, and cannot replace it with its own, lower standard.

3. The inevitable discovery doctrine does not require officers to have taken steps toward obtaining a search warrant when the officers had a good faith belief that a valid exception to the warrant requirement authorized the search and negated the need to obtain a warrant.

4. An appellate court is not authorized to remand a case with orders that defendant file a motion to suppress and that orders specific issues be raised, while leaving his trial and conviction intact.

*See* 2023-Ohio-2407.

{¶ 9} Following oral argument, we sua sponte ordered supplemental briefing on "whether this court has jurisdiction over the appeal under Article IV, Section 2 of the Ohio Constitution and/or any other applicable law." 2023-Ohio-4615. By the same order, we invited the filing of amicus curiae briefs addressing the issue. *Id.*

**Analysis**

{¶ 10} We first review the jurisdiction question that was the subject of supplemental briefing. The State argues in its supplemental brief that this court has

jurisdiction over the matter under Article IV, Section 2(B)(2)(b) of the Ohio Constitution because the case involves a felony appeal for which leave to appeal was first obtained, and under Article IV, Section 2(B)(2)(e) of the Ohio Constitution because this court may exercise jurisdiction over cases "of public or great general interest." The State further argues that because the court of appeals had both subject-matter and personal jurisdiction over the case, the court of appeals' judgment is not void but voidable, requiring that it be challenged on appeal.

{¶ 11} Jones argues in his supplemental brief that this court does not have jurisdiction over the appeal. Jones contends that the court of appeals did not issue a final order, because the convictions were left intact and the court of appeals did not decide the remaining assignments of error that he raised. Jones asserts that the State may challenge the court of appeals' judgment by requesting a writ of prohibition or on appeal after the remand proceedings are complete. In its amicus curiae brief, the Office of Ohio Public Defender argues that the court of appeals' judgment did not fully resolve the appeal and therefore is not a final, appealable order and that courts of appeals may issue limited remands in certain circumstances to aid in the administration of justice.

{¶ 12} Ohio Attorney General Dave Yost, as amicus curiae, argues that the court of appeals' judgment is a final order over which this court has statutory authority to review under R.C. 2505.03(A) and that the case fits within this court's constitutional categories of appellate jurisdiction described in Article IV, Section 2(B)(2) of the Ohio Constitution. The Attorney General argues that a remand order is a "classic form of appellate judgment" and that the judgment ordering limited remand in this case is a final order.

{¶ 13} We find that this court has jurisdiction to review the court of appeals' judgment under Article IV, Section 2(B)(2) of the Ohio Constitution and R.C. 2505.03(A), which states, "Every final order, judgment, or decree of a court . . .

may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction."

{¶ 14} Black's Law Dictionary defines "judgment" as "[a] court's final determination of the rights and obligations of the parties in a case." *Black's Law Dictionary* (11th Ed. 2019); *see Bird v. Young*, 56 Ohio St. 210, 218 (1897). Whatever the intent of the court of appeals' judgment, we find that it determined the rights of the parties with respect to Jones's argument that he had received ineffective assistance of counsel. The court of appeals' decision to remedy that error by staying the appeal proceedings and ordering that a new motion to suppress be filed in the trial court does not render its judgment out of bounds of what this court may review within its appellate jurisdiction. Because we find that we have jurisdiction, we turn to the merits of the appeal.

{¶ 15} We resolve this appeal on the State's fourth proposition of law, in which the State argues that the court of appeals' judgment ordering limited remand was not authorized by App.R. 12. In response, Jones argues that there is precedent supporting a limited remand when dispositive issues are not addressed by the trial court, citing *State v. Hogan*, 2012-Ohio-1421, ¶ 14 (10th Dist.). Jones also notes that the purpose of the limited remand was to give the State the opportunity to defend against a proper motion to suppress while leaving the convictions intact pending the outcome of a suppression hearing and consideration of all arguments of the parties.

{¶ 16} The Ohio Rules of Appellate Procedure govern procedure in appeals from Ohio's trial courts to its courts of appeals. App.R. 1(A). App.R. 12 sets forth the ways in which an appellate court may decide a matter on appeal. App.R. 12(A)(1) states:

> On an undismissed appeal from a trial court, a court of appeals shall do *all of the following*:

(a) Review and affirm, modify, or reverse the judgment or final order appealed;

(b) Determine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16, the record on appeal under App.R. 9, and, unless waived, the oral argument under App.R. 21;

(c) Unless an assignment of error is made moot by a ruling on another assignment of error, decide each assignment of error and give reasons in writing for its decision.

(Emphasis added.)

{¶ 17} App.R. 12(B) states in relevant part:

When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment or final order. In all other cases where the court of appeals determines that the judgment or final order of the trial court should be modified as a matter of law it shall enter its judgment accordingly.

{¶ 18} Finally, App.R. 12(D) states: "In all other cases where the court of appeals finds error prejudicial to the appellant, the judgment or final order of the trial court shall be reversed and the cause shall be remanded to the trial court for further proceedings."

8

**{¶ 19}** Here, the court of appeals did not affirm, modify, or reverse the trial court's judgment of conviction from which Jones appealed and therefore did not comply with App.R. 12(A)(1)(a). Additionally, the court of appeals did not decide each assignment of error that was raised as required by App.R. 12(A)(1)(c). Instead, after holding that Jones had received ineffective assistance of counsel, the First District left Jones's convictions intact and stayed the remainder of its appellate review until the trial court completed the instructions set forth in the entry ordering limited remand. By doing so, the First District failed to comply with App.R. 12(D).

**{¶ 20}** Whatever the reason for the appellate court's limited remand, its judgment is not one that complies with the appellate rules. Therefore, we must reverse the court of appeals' judgment and vacate its entry ordering limited remand, and we must remand the case to the court of appeals for it to comply with App.R. 12 by entering a judgment that affirms, modifies, or reverses the trial court's judgment of conviction and that decides all of the assignments of error that are not made moot by its ruling on another assignment of error.

### Conclusion

**{¶ 21}** We reverse the judgment of the First District Court of Appeals and vacate its entry ordering limited remand, and we remand the case to that court for it to enter a judgment that complies with App.R. 12.

Judgment reversed
and cause remanded.

_____

**KENNEDY, C.J., joined by DEWINE and BRUNNER, JJ., concurring in judgment only.**

**{¶ 22}** I agree with the majority's conclusion that the First District Court of Appeals failed to comply with App.R. 12 when it ordered a limited remand to allow appellee, Michael Jones, to file a new motion to suppress, and I therefore concur in today's judgment to reverse and remand the errant judgment of the appellate court.

I write separately to rebut the majority's suggestion that this court's appellate jurisdiction depends on and may be modified by statutes such as R.C. 2505.03. Our jurisdiction in this case is established by the Ohio Constitution, not by statute.

## Constitutional Interpretation

{¶ 23} "'The purpose of our written Constitution is to define and limit the powers of government and secure the rights of the people.' " *Newburgh Hts. v. State*, 2022-Ohio-1642, ¶ 17, quoting *Cleveland v. State*, 2019-Ohio-3820, ¶ 16 (lead opinion). "The Ohio Constitution is the paramount law of this state, and we recognize that its framers chose its language carefully and deliberately, employed words in their natural sense, and intended what the words said." *Id.* "Therefore, in construing the Ohio Constitution, our duty is to determine and give effect to the meaning expressed in its plain language." *Id.*

## History of the Supreme Court's Appellate Jurisdiction

{¶ 24} The 1802 Constitution granted this court "appellate jurisdiction, both in common law and chancery, in such cases as shall be directed by law." Former Ohio Const., art. III, § 2 (1802). The 1851 Constitution similarly conferred "such appellate jurisdiction as may be provided by law," former Ohio Const., art. IV, § 2 (1851) (effective from Sept. 1, 1851, to Oct. 9, 1883), language that was retained in an 1883 amendment, H.J.R. No. 73, 80 Ohio Laws 382, 382-383 (effective from Oct. 9, 1883, to Jan. 1, 1913). The General Assembly therefore had the power to set the limits of this court's appellate jurisdiction for much of Ohio's statehood. *See State ex rel. Penland v. Dinkelacker*, 2020-Ohio-3774, ¶ 18 ("The 'provided by law' part of the grant [of jurisdiction] has long been understood as tying the court's jurisdictional authority to the statutory enactments of the General Assembly."); *State ex rel. Mobarak v. Brown*, 2024-Ohio-221, ¶ 7 ("The 'provided by law' qualification of Article IV means that there must be a statutory basis for jurisdiction.").

**{¶ 25}** That all changed with the people's adoption of the 1912 amendments to the Ohio Constitution. The framers sought to narrow this court's jurisdiction in order to relieve the court's congested docket and preclude protracted litigation by making the court of appeals the court of final jurisdiction for ordinary cases. 1 *Proceedings and Debates of the Constitutional Convention of the State of Ohio* 1039-1040, 1074 (1912); 2 *Proceedings and Debates of the Constitutional Convention of the State of Ohio* 1128, 1158, 1161 (1912). They did this by removing the as-provided-by-law language that had previously been in the Constitution. The 1912 Constitution therefore eliminated the General Assembly's authority to enact laws prescribing the appellate jurisdiction of this court; as one delegate described it, the point was to deny the General Assembly the power "to increase unlimitedly [the] appellate jurisdiction of the supreme court," 2 *Proceedings and Debates of the Constitutional Convention of the State of Ohio* at 1116.

**{¶ 26}** Under the 1912 Constitution, this court had "appellate jurisdiction in all cases involving questions arising under the constitution of the United States or of this state, in cases of felony on leave first obtained, and in cases which originated in the courts of appeals, and such revisory jurisdiction of the proceedings of administrative officers as may be conferred by law." Former Ohio Const., art. IV, § 2 (1912). The 1912 Constitution also granted this court jurisdiction "[i]n cases of public or great general interest" to "review and affirm, modify or reverse, the judgment of the court of appeals." *Id.* Lastly, the 1912 Constitution permitted this court to review cases "whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state." Former Ohio Const., art. IV, § 6 (1912).

**The Appellate Jurisdiction of This Court**

{¶ 27} Those same limited grants of appellate jurisdiction are now contained in the current version of Article IV, Section 2(B)(2) of the Ohio Constitution, which was adopted as part of the Modern Courts Amendment of 1968, Am.Sub.H.J.R. No. 42, 132 Ohio Laws, Part II, 2878, 2879-2880, and was subsequently amended by the people in 1994, Sub.H.J.R. No. 15, 145 Ohio Laws, Part IV, 7811, 7811-7812. Section 2(B)(2) provides:

The supreme court shall have appellate jurisdiction as follows:

(a) In appeals from the courts of appeals as a matter of right in the following:

(i) Cases originating in the courts of appeals;

(ii) Cases involving questions arising under the constitution of the United States or of this state.

(b) In appeals from the courts of appeals in cases of felony on leave first obtained,

(c) In direct appeals from the courts of common pleas or other courts of record inferior to the court of appeals as a matter of right in cases in which the death penalty has been imposed;

(d) Such revisory jurisdiction of the proceedings of administrative officers or agencies as may be conferred by law;

(e) In cases of public or great general interest, the supreme court may direct any court of appeals to certify its record to the supreme court, and may review and affirm, modify, or reverse the judgment of the court of appeals;

(f) The supreme court shall review and affirm, modify, or reverse the judgment in any case certified by any court of appeals pursuant to section 3 (B)(4) of this article.

Ohio Const., art. IV, § 2(B)(2)(a) through (f).

{¶ 28} Unlike in the 1802 and 1851 Constitutions, the current version of Article IV, Section 2(B)(2) generally does not permit the General Assembly to expand or restrict our appellate jurisdiction—the as-provided-by-law language is missing.  This contrasts with the court of appeals' appellate jurisdiction, which is "such jurisdiction as may be provided by law," Ohio Const., art. IV, § 3(B)(2), as well as with our "revisory jurisdiction of the proceedings of administrative officers or agencies," which is such jurisdiction "as may be conferred by law," Ohio Const., art. IV, § 2(B)(2)(d).  So while the General Assembly has the authority to establish the boundaries of our revisory jurisdiction over administrative appeals, the rest of our appellate jurisdiction is, in the words of one delegate to the 1912 Constitutional Convention, "unyielding and inflexible and cannot be changed except by constitutional amendment," 1 *Proceedings and Debates of the Constitutional Convention of the State of Ohio* at 1065.

{¶ 29} Notwithstanding the lack of as-provided-by-law language in the current version of Article IV, Section 2(B)(2), this court has said that statutes such as R.C. 2505.02 and 2505.03 restrict our appellate jurisdiction.  R.C. 2505.02 defines which orders are final for purposes of appeal, and R.C. 2505.03(A) states that "[e]very final order, judgment, or decree of a court . . . may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction."  Construing these statutes, this court has concluded that "'R.C. 2505.03 . . . limits the appellate jurisdiction of courts, including the Supreme Court, to the review of final orders, judgments, or decrees.' . . . A court's order is final and appealable if the requirements of R.C. 2505.02 are met." *State ex rel. Sands v. Culotta*, 2021-Ohio-1137, ¶ 7, quoting *State ex rel. Scruggs v. Sadler*, 2002-Ohio-5315, ¶ 4.  The court misspoke in *Culotta* because those statutes—to

the extent that they purport to define this court's appellate jurisdiction—conflict with the plain language of the Ohio Constitution.

{¶ 30} Notably, Article IV, Section 2(B)(2) of the Ohio Constitution does not contain an express "final order" limitation on our appellate jurisdiction. Compare this with Article IV, Section 3(B)(2), which states that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or *final orders* of the courts of record inferior to the court of appeals within the district." (Emphasis added.) Ohio Const., art. IV, § 3(B)(2).

{¶ 31} However, parts of Article IV, Section 2(B)(2) do require finality and expressly limit this court to reviewing the *judgments* issued by the court of appeals. Subdivisions (e) and (f) provide for this court to "review and affirm, modify, or reverse the judgment" of the court of appeals in cases of public or great general interest and in certified conflicts, respectively. Ohio Const., art. IV, § 2(B)(2)(e) and (f).

{¶ 32} In contrast, the Ohio Constitution says more broadly that this court has appellate jurisdiction over *appeals* in cases originating in the courts of appeals, Ohio Const., art. IV, § 2(B)(2)(a)(i); in cases involving constitutional questions, Ohio Const., art. IV, § 2(B)(2)(a)(ii); and in cases involving felonies, Ohio Const., art. IV, § 2(B)(2)(b). The word "appeal" means "[a] proceeding undertaken to have a decision reconsidered by a higher authority; esp., the submission of a lower court's or agency's decision to a higher court for review and possible reversal." *Black's Law Dictionary* (11th Ed. 2019). The word "appeal" is broad enough to encompass appeals of interlocutory orders as well as appeals from judgments and final orders. *Id.* (defining "interlocutory appeal" and "interlocutory order").

{¶ 33} Therefore, while the appellate jurisdiction granted by Article IV, Section 2(B)(2)(e) and (f) of the Ohio Constitution hinges on the existence of a judgment issued by the court of appeals, the same is not true of the jurisdiction

provided by subdivisions (a) and (b), because those provisions do not contain express language limiting this court to reviewing the judgments of the courts of appeals. The majority's reliance on R.C. 2505.03(A) is therefore misplaced. Except for administrative appeals, the General Assembly does not have the power to modify our appellate jurisdiction.

{¶ 34} Rather than rely on R.C. 2505.03, I would simply apply the plain language of the Ohio Constitution to determine whether we have appellate jurisdiction over this case. Here, there are several jurisdictional hooks. This is an appeal in a case involving a felony in which leave to appeal was first obtained under Article IV, Section 2(B)(2)(b). It is also an appeal that presents a substantial constitutional question under Article IV, Section 2(B)(2)(a)(ii). And it is a case of public or great general interest in which a judgment has been entered under Article IV, Section 2(B)(2)(e)—"[t]he decision to remand a case as a result of judicial review is considered a final judgment," *Metro Maintenance Sys. S., Inc. v. Milburn*, 442 Md. 289, 293 (2015), and the court of appeals' decision to remand the case to the trial court effectively terminated proceedings in the court of appeals pending further action in the trial court.

{¶ 35} For these reasons, I agree with the majority's conclusion that we have appellate jurisdiction over this case. And on the merits, I agree that the First District Court of Appeals' decision to issue a limited remand of the case to permit Jones to file a new motion to suppress in the trial court without reversing the judgment of conviction or ruling on all of Jones's assignments of error violated App.R. 12. I therefore concur in today's judgment reversing the court of appeals' judgment, vacating the court of appeals' entry ordering limited remand, and remanding the case to that court for it to enter a judgment that complies with App.R. 12.

————————

Melissa A. Powers, Hamilton County Prosecuting Attorney, and Sean M. Donovan, Assistant Prosecuting Attorney, for appellant.

Raymond T. Faller, Hamilton County Public Defender, and David H. Hoffman, for appellee.

Dave Yost, Attorney General, T. Elliott Gaiser, Solicitor General, and Zachery P. Keller, Deputy Solicitor General, in support of appellant, for amicus curiae Ohio Attorney General Dave Yost.

Elizabeth R. Miller, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, in support of appellee, for amicus curiae Office of the Ohio Public Defender.

————————————