[Cite as *State v. Riddlebarger*, 2024-Ohio-5356.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 21CA011785 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT RIDDLEBARGER | LORAIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 2020CRB01298 |

DECISION AND JOURNAL ENTRY

Dated: November 12, 2024

HENSAL, Judge.

{¶1} Robert Riddlebarger appeals his conviction for domestic violence by the Lorain Municipal Court. For the following reasons, this Court reverses Mr. Riddlebarger's conviction.

I.

{¶2} Following a trial to the bench on charges of domestic violence and obstructing official business, the municipal court found Mr. Riddlebarger guilty of the domestic violence offense and sentenced him to 30 days in jail, which it suspended. Mr. Riddlebarger has appealed his conviction, assigning as error that the municipal court failed to provide an adequate record of the proceedings.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY FAILING TO PROVIDE AN ADEQUATE RECORDING OF THE TRIAL COURT PROCEEDINGS IN VIOLATION OF APPELLANT'S CONSTITUTIONAL DUE PROCESS RIGHTS.

**{¶3}** In his assignment of error, Mr. Riddlebarger argues that a transcript of the trial cannot be prepared, which violates his due process rights. He has submitted an affidavit by the trial court's official court reporter who stated that it is very difficult to hear parts of the trial and that she could not hear the judge or accusing witness clearly at times. She also stated that, if she prepared a transcript, it would result in many "inaudible" lines. At best, she would only be able to accurately transcribe "random snippets of words, but not complete sentences or whole conversations." The words that she could transcribe would be "completely devoid of context and the substance of what was being said." Given the materials, she did not believe there was anything more she could do to produce a transcript. The State, however, argues that Mr. Riddlebarger could have prepared a statement of the evidence under Appellate Rule 9(C), which he did not pursue.

**{¶4}** Revised Code Section 2953.02 "provides a right to appeal a judgment or final order to the court of appeals." *State v. Patrick*, 2020-Ohio-6803, ¶ 16. "An accurate transcript is the lynch pin of appellate review." *State v. Cunningham*, 1993 WL 97713, *4 (4th Dist. Apr. 2, 1993). Sometimes, a transcript and record can be "so inadequate as to render appellate review impossible and [a] defendant's right to appeal meaningless." *Id*.

**{¶5}** Rule 9(A)(2) provides that "[t]he trial court shall ensure that all proceedings of record are recorded by a reliable method[.]" Rule 9(B)(4) provides that, "[i]f no recording was made, or when a recording was made but is no longer available for transcription, App. R. 9(C) or 9(D) may be utilized." The rule goes on to provide, however, that, "[i]f the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion." Mr. Riddlebarger argues that, because a transcript of the trial cannot be produced, he has been deprived

of the ability to challenge the sufficiency and manifest weight of the evidence. Mr. Riddlebarger also submitted an affidavit by his trial counsel who stated that, because of his heavy caseload and the passage of time, he could only remember that the complaining witness alleged that Mr. Riddlebarger strangled her after she threw a coffee cup at him. Mr. Riddlebarger, however, testified that he grabbed the complainant by the neck to defend himself.

{¶6}  Upon review of the record, we conclude that it is inadequate to conduct a meaningful review of Mr. Riddlebarger's conviction. *See Cleveland v. McGervey*, 2022-Ohio-3911, ¶ 25 (8th Dist.). As Mr. Riddlebarger has noted, without a transcript of the testimony, it is impossible for him to obtain appellate review of whether there is sufficient evidence to support his conviction or whether his conviction is against the manifest weight of the evidence. We note that Mr. Riddlebarger has moved to supplement the record with the audio recording of the trial, which we grant. The recording supports the court reporter's affidavit. The beginning of the trial up to the first witness is almost completely inaudible. Although questions to the complaining witness are mostly audible, her answers are not.

{¶7}  In *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197 (1980), the Ohio Supreme Court addressed a situation in which a court reporter was unable to provide a transcript because of a prolonged illness. The Court determined that, because there was no impropriety by the appellant, it would be inappropriate to simply affirm the judgment of the trial court. *Id*. at 200. On the other hand, it also concluded that the appellant was not entitled to a new trial because of the unavailability of the transcript. *Id*. Instead, it concluded that the case should be remanded to the trial court, which had "[s]everal options." *Id*. It noted that the court reporter may have recovered and would be able to prepare a transcript. Alternatively, the appellant would have "the opportunity to provide the court with an App.R. 9(C) narrative transcript" or the parties might "reach an agreed

statement of the case pursuant to App.R. 9(D)." *Id.* It also wrote that, "only after all reasonable solutions to this problem are exhausted" should the trial court consider granting a new trial.

{¶8} In *State v. Jones*, 71 Ohio St.3d 293 (1994), Mr. Jones was granted a delayed appeal, but the notes of the court reporter had been destroyed in the interim. Mr. Jones filed a statement under Rule 9(C), but the State objected to it. Mr. Jones then filed a motion for new trial, but the trial court denied it and determined that it could not settle a 9(C) statement. Mr. Jones, thereafter, appealed the denial of his motion for new trial.

{¶9} The Ohio Supreme Court noted that a trial court may hold an evidentiary hearing to settle a record and that Rule 9(E) provides a procedure to correct or modify a record. *Id.* at 297. It also explained that an "appellant is entitled to a new trial where, after an evidentiary hearing, a record cannot be settled and it is determined that the appellant is not at fault." *Id.* at 298. It, therefore, remanded the case to the trial court to hold an evidentiary hearing to determine whether Mr. Jones was "substantially responsible for nonproduction of the record" and "proceed accordingly." *Id.* at 298-299.

{¶10} Under *Knapp* and *Jones*, it may appear that the appropriate remedy would be for this Court to remand the matter to the trial court so that it may determine whether the record can be settled or order a new trial, if necessary. The Ohio Supreme Court has recently clarified, however, that Ohio courts of appeals have only three options when entering judgment. *State v. Jones*, 2024-Ohio-2719, ¶ 16-20. Specifically, under Rule 12(A), a court of appeals may "affirm, modify, or reverse the judgment or final order appealed . . . ." *Id.* at ¶ 16, quoting App.R. 12(A)(1)(a). The Court vacated a "limited remand" that the First District Court of Appeals had ordered and remanded "the case to the court of appeals for it to comply with App.R. 12 by entering a judgment that affirms, modifies or reverses the trial court's judgment[.]" *Id.* at ¶ 20.

**{¶11}** As previously explained, Mr. Riddlebarger has established that he has been prejudiced by the inadequacy of the trial recording. Because we do not have the same flexibility as the Ohio Supreme Court did in *Knapp* and *Jones* in ordering relief, we conclude that we must reverse the judgment of the trial court and remand this matter for a new trial. Mr. Riddlebarger's assignment of error is sustained.

### III.

**{¶12}** Mr. Riddlebarger's assignment of error is sustained. The judgment of the Lorain Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT


SUTTON, J.
CONCURS.

STEVENSON. P. J.
DISSENTING.

{¶13} I respectfully dissent from the majority decision in this case. I feel the correct procedure to follow when the trial court record may be incomplete was outlined in *Knapp v Edwards Laboratories*, 61 Ohio St.2d 197 (1980) and *State v Jones*, 71 Ohio St.3d 293 (1994), and that this Court should remand the matter to the trial court to follow that procedure. I do not find that remand is inappropriate under *State v Jones,* 2024-Ohio-2719 and App.R. 12 because, unlike in *Jones*, 2024-Ohio-2719, we are not able to reach the merits of Mr. Riddlebarger's appeal because we have an incomplete record through apparent no fault of the appellant.

{¶14} Following *Knapp* and *Jones*, 71 Ohio St.3d 293, I believe the proper remedy in cases with an incomplete record is to remand the matter to the trial court to see if a proper record can be made under App.R. 9(C) or 9(D). In this case, Mr. Riddlebarger attempted to correct the record in this Court and not the trial court. App.R. 9(C), (D), and (E) contemplate the trial court's input in approving any attempted record created in the absence of a transcript, so *Knapp* correctly found record issues should be remanded to the trial court to review. *Knapp* at 200. In reviewing the question of whether a record can be completed, the trial court should determine if the lack of a record is the fault of the defendant pursuant to *Jones. Jones,* 71 Ohio St.3d at 298-299. If so, the

trial court should not grant a new trial. If a record cannot be completed at no fault of Mr. Riddlebarger, the trial court may have to order a new trial as the only available remedy. Appellants should file the appropriate motions in the trial court in the first instance, and not in the Court of Appeals as Mr. Riddlebarger has done in this case.

{¶15} Lastly, I find it necessary to distinguish our recent case, *State v Pappas*, 2021-Ohio-2915 (9th Dist.), from the result in this matter. In *Pappas*, the record was incomplete and a portion of a witness's testimony was missing. *Id.* at ¶ 11. The appellant raised an assignment of error regarding the sufficiency of the evidence and this Court overruled that assignment, finding that with an incomplete record a reviewing court presumes regularity of the proceedings. *Id.* at ¶ 12. It appears in *Pappas* that the appellant did not raise the issue of the incomplete transcript or attempt to supplement the record. If a party does not attempt to correct the record pursuant to App.R. 9 or otherwise bring the error in the record to a reviewing court's attention, a reviewing court is left with no choice but to presume the regularity of the proceedings and affirm the trial court's decision.

{¶16} For these reasons, I respectfully dissent from the majority opinion.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

MALLORY SANTIAGO, Attorney at Law, for Appellee.