**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Shields v. Bur. of Workers' Comp.*, **Slip Opinion No. 2024-Ohio-5743.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5743

SHIELDS ET AL., APPELLEES, *v.* BUREAU OF WORKERS' COMPENSATION; GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Shields v. Bur. of Workers' Comp.*, Slip Opinion No. 2024-Ohio-5743.]**

*Workers' compensation—Mandatory statutory attorney fees—Court of appeals did not err in remanding issue of attorney fees to trial court upon motion filed after court of appeals had affirmed lower-court judgment— Judgment affirmed.*

(No. 2023-0996—Submitted July 10, 2024—Decided December 10, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 111774, 2023-Ohio-1368.

_____

DONNELLY, J., announcing the judgment of the court, with an opinion joined by STEWART and BRUNNER, JJ. DEWINE, J., concurred in judgment only, with an opinion joined by FISCHER and DETERS, JJ. KENNEDY, J., dissented, with an

opinion.

**DONNELLY, J.**

## I.  INTRODUCTION

**{¶ 1}** This case addresses whether a worker who prevails at trial in a workers' compensation action under R.C. 4123.512 may file a motion for appellate attorney fees after a court of appeals decision is issued.  We determine that in the circumstances before us, the worker may request attorney fees after obtaining an appellate judgment on the merits.  Accordingly, we affirm the judgment of the Eighth District Court of Appeals.

## II.  FACTS AND PROCEDURAL HISTORY

**{¶ 2}** In 2015, appellee Michael Shields suffered a left-shoulder injury while working as a mechanic for appellant, Greater Cleveland Regional Transit Authority ("the RTA").  Appellee Bureau of Workers' Compensation allowed his claim for left shoulder strain.  In 2017, Shields sought a workers' compensation benefit for a flow-through injury to his right shoulder, but the bureau denied his claim.  Shields then sued the bureau in the Cuyahoga County Court of Common Pleas, and in May 2022, a jury found him entitled to a workers' compensation benefit for that injury.  The RTA appealed, and on April 27, 2023, the Eighth District Court of Appeals affirmed.  2023-Ohio-1368 (8th Dist.).  The merits of the case are not before us.

**{¶ 3}** On May 8, 2023, Shields filed a motion with the court of appeals for $26,221 in appellate attorney fees or, in the alternative, to remand the case to the trial court to determine attorney fees.  The RTA opposed the motion, arguing that the court of appeals lacked jurisdiction to rule on the untimely, postappeal motion for fees, noting that Shields had never moved the trial court for attorney fees, nor had he cross-appealed from the trial court's order, so Shields had waived the issue.  Shields countered that awarding attorney fees is mandatory under R.C. 4123.512(F)

and that therefore his motion for appellate attorney fees was an "independent, non-statutory request for appellate attorney fees pursuant to controlling Supreme Court of Ohio precedent."  (Boldface deleted.)

**{¶ 4}** The court of appeals held that because Shields had prevailed in his appeal, "he should be permitted to recover his appellate attorney's fees."  No. 11774 (8th Dist. June 27, 2023).  The court remanded the case to the trial court for that court to determine appellate attorney fees.  *Id.*

**{¶ 5}** RTA appealed to this court, and we accepted jurisdiction.  2023-Ohio-4015.

### III.  ANALYSIS

**{¶ 6}** We accepted four propositions of law:

I.  A superior court mandate remanding with instructions to enter final judgment does not leave open post-trial and appellate attorney fees and expenses, so a trial court may not alter the judgment that it was instructed to enter to add these fees and expenses.

II.  After issuing a merits decision, an appellate court cannot remand with instructions that the trial court take up new issues unrelated to any assignment of error on appeal.

III.  A prevailing claimant in a workers' compensation appeal to common pleas court must seek attorneys' fees under R.C. 4123.512(F) by filing a properly supported motion for fees prior to the trial court's final, appealable order.

IV.  Where there were reasonable grounds for appellate review of a workers' compensation claim, attorney's fees incurred during the appellate review process above the applicable fee cap found in R.C. 4123.512(F) are unrecoverable.

3

**{¶ 7}** We dismiss the first proposition of law as having been improvidently accepted. It presents the question that we answered in *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2024-Ohio-5729, ¶ 26. The facts, however, are inapposite. In this case, the court of appeals did not issue a final order. *See, e.g.*, *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2020-Ohio-1056, ¶ 28. Rather, the court here remanded for a determination of attorney fees.

**{¶ 8}** We preface our discussion of the remaining propositions by highlighting a concept that is embedded in our caselaw and the statutory scheme: the workers' compensation "statute was intended to provide a speedy and inexpensive remedy . . . and should be liberally construed in favor of employees." *Indus. Comm. v. Weigandt*, 102 Ohio St. 1 (1921), syllabus. We have reiterated this standard through the years. *See, e.g., Georgejakakis v. Wheeling Steel Corp.*, 151 Ohio St. 458, 461 (1949) ("the Workmen's Compensation Act is to be liberally construed in favor of an injured employee"); *Wells v. Chrysler Corp.*, 15 Ohio St.3d 21, 23 (1984) (the statutory scheme "requires liberal construction of workers' compensation statutes in favor of employees"); *State ex rel. Ohio Presbyterian Retirement Servs., Inc. v. Indus. Comm.*, 2017-Ohio-7577, ¶ 20 ("we are mindful of the General Assembly's mandate that the workers' compensation laws be liberally construed in favor of employees").

**{¶ 9}** We address the remaining propositions of law out of order. In its third proposition of law, RTA asserts that Shields must seek attorney fees under R.C. 4123.512(F) by filing a properly supported motion for fees before the trial court issues a final, appealable order. But this requirement does not appear in the statute. Literally nothing in R.C. 4123.512(F) or any other section of the statutory scheme related to workers' compensation directs that attorney fees must be requested before the issuance of a final, appealable order. Moreover, an award of attorney

fees is mandatory under the statute, suggesting that no motion is even necessary. We reject this proposition of law.

{¶ 10} We also reject the RTA's second proposition of law. A lawsuit seeking to participate in the workers' compensation fund is a "special statutory proceeding," *see* Civ.R. 1(C)(8), involving a remedial statutory scheme, and the appeal before us does not address the appellate court's holding on this issue. Our analysis of this proposition of law is influenced by our summary rejection of the third proposition of law. Because there is no timeliness requirement for a request for attorney fees, we conclude that they can be requested at any reasonable time. Without defining "reasonable" in this context, we are confident that the request for appellate attorney fees filed on May 8, 2023, 10 days after the issuance of the court of appeals opinion, was filed within a reasonable time.

{¶ 11} The RTA argues that Shields should have no path to receive appellate attorney fees because he did not move for them before the court of appeals issued its final judgment. But this argument ignores that R.C. 4123.512(F) sets no timeliness requirement, directing only that when a claimant prevails against the employer, the worker's attorney fees "shall be taxed against the employer." Furthermore, workers' compensation statutes are to be liberally construed to "provide a speedy and inexpensive remedy" to the worker. *Weigandt*, 102 Ohio St. 1, syllabus.[1]

{¶ 12} Shields filed a postjudgment motion that had no impact on the merits of the judgment. The better practice may have been to file the motion in the court of common pleas, but the statute does not specify when or where to request attorney fees. We see no error in the court of appeals addressing the motion, given that the authority to award attorney fees is based on a remedial statute that is to be liberally

---

2. The syllabus was an efficient way for the bench and bar to quickly learn the essence of this court's decisions, and its demise is widely mourned.

construed in favor of the employee, or in issuing a remand that did not affect the final judgment.

**{¶ 13}** Finally, regarding whether the law allows an award of appellate attorney fees above the cap set by R.C. 4123.512(F), currently $5,000, the issue is not ripe. No attorney fees have been awarded. Consequently, our decision on this issue would be advisory. *State ex rel. White v. Kilbane Koch*, 2002-Ohio-4848, ¶ 18 ("we will not indulge in advisory opinions").

## IV. CONCLUSION

**{¶ 14}** Based on the foregoing analysis, we affirm the judgment of the Eighth District Court of Appeals, including its remand to the trial court. In a workers' compensation case, the worker may move for attorney fees after obtaining an appellate judgment on the merits. Given that workers' compensation law is to be interpreted liberally in favor of employees, we caution that our opinion does not necessarily apply to other areas of law.

Judgment affirmed.

———————————

**DEWINE, J., joined by FISCHER and DETERS, JJ., concurring in judgment only.**

**{¶ 15}** I concur in the judgment of the lead opinion to the extent that it holds that there is no procedural bar prohibiting a successful claimant from requesting attorney fees from the trial court under R.C. 4123.512(F) immediately following a successful appeal.

**{¶ 16}** R.C. 4123.512(F), the fee-shifting statute at issue in this appeal, provides:

> The cost of any legal proceedings authorized by this section,
> including an attorney's fee to the claimant's attorney to be fixed by
> the trial judge, based upon the effort expended, in the event the

claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed five thousand dollars.[2]

The provision is mandatory—a trial court has no discretion to deny a properly supported fee request up to the statutory maximum of $5,000. There is no deadline in the statute for a fee request.

{¶ 17} The broad language of the statute—"[t]he cost of any legal proceedings authorized by this section"—suggests that a statutory award could encompass trial court proceedings and/or appellate proceedings. Importantly though, in no event may a trial court under R.C. 4123.512(F) award a total of more than the statutory cap (currently $5,000) in attorney's fees.

{¶ 18} On this understanding, I concur in the judgment of the majority.

_____

**KENNEDY, C.J., dissenting.**

{¶ 19} This court should heed the guidance of two renowned jurists from a bygone era. Chief Justice John Marshall once wrote:

To what purpose are powers limited, and to what purpose is that limitation committed to writing, if these limits may, at any time, be passed by those intended to be restrained? The distinction, between a government with limited and unlimited powers, is abolished, if

_____

2. When Shields filed his claim, the statutory maximum was $4,200. *See* former R.C. 4123.512(F), Am.Sub. H.B. No. 52 (effective Sept. 29, 2015). The parties dispute whether the revised fee cap applies to Shields. This matter is best left to the trial court in the first instance.

those limits do not confine the persons on whom they are imposed, and if acts prohibited and acts allowed, are of equal obligation.

*Marbury v. Madison*, 5 U.S. 137, 176-177 (1803).

{¶ 20} And Justice John Marshall Harlan put it eloquently when he said:

The glory of our American system of government is that it was created by a written constitution which protects the people against the exercise of arbitrary, unlimited power, and the limits of which instrument may not be passed by the government it created, or by any branch of it, or even by the people who ordained it, except by amendment or change of its provisions.

*Downes v. Bidwell*, 182 U.S. 244, 380-381 (1901) (Harlan, J., dissenting).

{¶ 21} Today, by affirming the judgment of the Eighth District Court of Appeals, the court countenances action that clearly exceeds the appellate court's constitutionally constrained jurisdiction. In this case, the court of appeals purported to amend its judgment affirming the award of workers' compensation benefits to appellee Michael Shields by remanding the case to the trial court to calculate attorney fees. However, the judgment of the court of appeals was final after the time for appeal to this court had run. The court of appeals then was divested of subject-matter jurisdiction to reconsider its final judgment or to remand this case to the trial court. And in addition to the court of appeals' exceeding its jurisdiction, the court's decision in this case also contravenes the principle of party presentation and the Rules of Appellate Procedure.

{¶ 22} For these reasons, I dissent and would reverse the judgment of the court of appeals.

## I. Constitutional Constraints on the Courts of Appeals

{¶ 23} The Ohio Constitution grants the courts of appeals the power to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Ohio Const., art. IV, § 3(B)(2). Under Ohio Const., art. IV, § 3(B)(3), a court of appeals' judgment is final except as provided in Ohio Const., art. IV, § 2(B)(2).

{¶ 24} Article IV, section 2(B)(2) establishes the appellate jurisdiction of this court, and under that constitutional provision, a court of appeals' judgment is final unless it is timely appealed to this court, *State ex rel. LTV Steel Co. v. Gwin*, 1992-Ohio-20, ¶ 19. "[I]f no such appeal is filed, the judgment [of the court of appeals] is binding and no longer subject to the court of appeals' jurisdiction to reconsider." *Id.*

{¶ 25} To perfect a jurisdictional appeal like the one in this case, an appellant "shall file a notice of appeal in the Supreme Court within 45 days from the entry of the judgment being appealed." Sup.Ct.Prac.R. 7.01(A)(1)(a)(i). And with some exceptions, "the time period designated in this rule for filing a notice of appeal and memorandum in support of jurisdiction is mandatory, and the appellant's failure to file within this time period shall divest the Supreme Court of jurisdiction to hear the appeal." Sup.Ct.Prac.R. 7.01(A)(1)(b); *see also* R.C. 2505.04 ("An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court . . . .").

{¶ 26} Sup.Ct.Prac.R. 7.01(A)(5)(a) provides an exception to the 45-day time limit: "When a party timely files an application for reconsideration in the court of appeals pursuant to App.R. 26(A)(1), the time for filing a notice of appeal from the court of appeals' entry of judgment shall be tolled." In turn, App.R. 26(A)(1)(a) states that "[a]pplication for reconsideration of any cause or motion submitted on

appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App.R. 30(A)."

{¶ 27} Consequently, a judgment of the court of appeals is not final, and the court retains jurisdiction to act, if a timely application for reconsideration is filed. But if no timely application for reconsideration is filed, once the 45-day time for appealing to this court has elapsed, the court of appeals is divested of jurisdiction to reconsider its judgment in the case. *LTV Steel Co.*, 1992-Ohio-20, at ¶ 19.

{¶ 28} On April 27, 2023, the court of appeals affirmed the trial court's judgment that Shields is entitled to workers' compensation benefits. 2023-Ohio-1368 (8th Dist.). Shields prevailed on appeal, and therefore he was not aggrieved by anything in the court of appeals' decision. Still, any motion to reconsider the court of appeals' decision was due within 10 days of the court of appeals' decision, on May 8, 2023. That day, Shields filed a motion in the court of appeals for an award of $26,221 in appellate attorney fees or, in the alternative, an order remanding the case to the trial court to determine attorney fees.

{¶ 29} On its face, Shields's motion is not an application for reconsideration. It does not ask the court to reevaluate any issue in the case. It is not captioned or docketed as an application for reconsideration. It does not even use the word "reconsideration." And because the court of appeals never considered whether appellate attorney fees should be awarded in the first place, there was nothing for the court of appeals to reconsider. Nor did filing the motion for attorney fees toll the time for filing a notice of appeal in this court.

{¶ 30} Importantly, Shields did not file a cross-appeal from the trial court's judgment after the trial court failed to award the costs of the proceedings, including attorney fees. When R.C. 4123.512(F) permits an award of the costs of the proceedings to the claimant, those costs "shall be *taxed* against the employer or the commission." (Emphasis added.) In a case applying R.C. 4123.512(F), this court

noted that "'[c]osts are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be *taxed and included in the judgment*.'"  (Emphasis added.)  *Cave v. Conrad*, 2002-Ohio-793, ¶ 14, quoting *Benda v. Fana*, 10 Ohio St.2d 259 (1967), paragraph one of the syllabus.  Similarly, Civ.R. 54 indicates that costs and attorney fees are components of a judgment.

{¶ 31} Therefore, an award of attorney fees under R.C. 4123.512(F), or the denial of those fees, is part of the trial court's judgment in the case.  Consequently, Shields's argument that he is entitled to an award of appellate attorney fees necessarily seeks to undo the trial court's judgment that did not award costs under R.C. 4123.512(F).

{¶ 32} However, App.R. 3(C)(1) provides that a party must file a cross-appeal if that party "seeks to change the order" entered by the trial court.  "An appellee who does not cross-appeal generally cannot oppose the final judgment on appeal, or attack it to enlarge his own rights or lessen the rights of his adversary." *Kaplysh v. Takieddine*, 35 Ohio St.3d 170, 175 (1988).  And "[b]ecause a cross-appeal is a separate attempt by an appellee to enlarge his own rights or lessen the rights of his adversary, . . . the time requirements for filing a cross-appeal pursuant to App.R. 4(A) are mandatory and jurisdictional." *Id.*  A court of appeals lacks jurisdiction over an untimely cross-appeal. *Id.*

{¶ 33} Shields did not cross-appeal the trial court's judgment.  He therefore never presented any claim of error to the appellate court, including a claim of trial court error in failing to award costs, and the court of appeals lacked jurisdiction to reverse the trial court's judgment on those or any other grounds.  The issue of appellate attorney fees was therefore not something that could have been decided by the court of appeals, so it could not be the subject of an application for reconsideration.  And apparently for this reason, Shields's motion for fees or a remand did not ask for reconsideration.

**{¶ 34}** Accordingly, Shield's motion for appellate attorney fees or an order to remand the case to the trial court to determine attorney fees was not an application for reconsideration, and filing it did not toll the time for appealing to this court.

**{¶ 35}** Notwithstanding App.R. 26(A), this court has recognized that a court of appeals has inherent authority to reconsider its own decisions, and it may do so even on its own initiative. *LTV Steel Co*., 1992-Ohio-20 at ¶ 18. But this inherent authority does not last forever—once the time for filing an appeal in this court runs, the court of appeals' jurisdiction to reconsider its judgment ends. *Id.* at ¶ 19. Again, when an appeal to this court is no longer available, the judgment of the court of appeals is final and cannot be reconsidered. Ohio Const., art. IV, § 3(B)(3).

**{¶ 36}** Neither Shields nor any other party appealed the court of appeals' judgment before June 11, 2023. The court of appeals' judgment then became final. Nonetheless, the court of appeals purported to modify its judgment on June 27, 2023, after its judgment had become final, by adding a remand to it. Because its jurisdiction over the appeal had ended, the court of appeals lacked jurisdiction to modify its judgment, and for this reason, its decision must be vacated.

## II. Rule-Based Constraints on the Courts of Appeals

**{¶ 37}** To make matters worse, the Eighth District issued the postjudgment remand entry in disregard of the Rules of Appellate Procedure. Those rules "govern procedure in appeals to courts of appeals from the trial courts of record in Ohio." App.R. 1(A). At the end of an appeal, a court of appeals may remand the case back to the trial court for further proceedings. A remand, however, "must be premised on a determination that error occurred below and a ruling on that error." *Hungler v. Cincinnati*, 25 Ohio St.3d 338, 342 (1986). The appellate rules do not give courts of appeals the authority to remand a case before determining that error occurred. *See* App.R. 12(B), (C), and (D). Indeed, we recently held that it is reversible error for a court of appeals to issue a "limited remand" without first reversing the trial

court's judgment and ruling on the appellant's assignments of error. *See State v. Jones*, 2024-Ohio-2719, ¶ 19-21.

{¶ 38} Further, a court of appeals may take only certain actions after issuing its judgment. Specifically, the appellate rules allow a court of appeals to make three postjudgment decisions in a civil case: (1) certify an interdistrict conflict to this court under App.R. 25; (2) reconsider a previously raised claim under App.R. 26(A)(1); or (3) sit en banc to resolve an intradistrict conflict under App.R. 26(A)(2). Absent from this list is authorization to issue a remand to resolve questions that were not raised in the appeal.

{¶ 39} Here, the Eighth District *affirmed* the judgment of the trial court. Therefore, the court's remand for the trial court to consider an award of attorney fees was inappropriate, because it was not "premised on a determination that error occurred below," *Hungler* at 342; *see also* App.R. 12(B), (C), and (D). Additionally, the postjudgment remand entry does not fit within any postjudgment ruling that the appellate rules permit the court of appeals to issue.

{¶ 40} Consequently, the Eighth District's remand entered without the court's first finding any trial court error constitutes reversible error.

### III. Appellate Attorney Fees

{¶ 41} Lastly, Shields's motion sought an award of attorney fees under R.C. 4123.512(F) plus the fees he incurred in defending the appeal in the court of appeals. He disclaims that R.C. 4123.512(F) gives him an express right to the latter claim for appellate attorney fees, and he points to no other statute allowing an award of attorney fees from an appeal to the court of appeals. However, "any time this court has determined that appellate-attorney fees could be awarded, it has done so on the basis of the language of a statute." *Cruz v. English Nanny & Governess School*, 2022-Ohio-3586, ¶ 71 (Kennedy, J., dissenting).

{¶ 42} The only statute that arguably allows Shields an award of appellate attorney fees is R.C. 4123.512. R.C. 4123.512(F) permits an injured worker to

recover "[t]he cost of any legal proceedings authorized by this section," and R.C. 4123.512(E) mentions that an appeal from the trial court's judgment is "governed by the law applicable to the appeal of civil actions." But even assuming that that type of appellate attorney fee is available, R.C. 4123.512(F) imposes a cap, currently $5,000, on attorney fees. Shields's assertion that he is owed more than $26,000 in attorney fees far exceeds that cap. So even if the court of appeals had authority to remand the case to the trial court to calculate fees—and it did not—the trial court could enter an award of attorney fees no greater than the applicable statutory cap.

## IV. Conclusion

{¶ 43} The Preamble to the Ohio Constitution reminds us that "the people of the State of Ohio" established our constitution, and its purpose is to "'define and limit the powers of government and secure the rights of the people,' " *Newburgh Hts. v. State*, 2022-Ohio-1642, ¶ 17, quoting *Cleveland v. State*, 2019-Ohio-3820, ¶ 16 (lead opinion). For a court to overstep the bounds that the constitution has set is to replace the will of Ohioans with the will of the court. The Eighth District did just that when it issued a postjudgment entry remanding the issue of attorney fees to the trial court. The constitution denied the appellate court jurisdiction to remand this case, and the order should be vacated.

{¶ 44} Further, as the judicial branch, courts are expected to play by the rules. Procedurally, the courts of appeals are governed by, and must adhere to, the Rules of Appellate Procedure. App.R. 1(A). But by issuing a remand not based on any error in the trial court, the Eighth District's postjudgment remand entry disregarded those rules. This by itself is reversible error.

{¶ 45} For these reasons, the court of appeals' remand should not stand. Because the court leaves it in place, I dissent.

_____

Grubb & Associates, L.P.A., Mark E. Owens, and Natalie F. Grubb, for

appellee Michael R. Shields.

Dave Yost, Ohio Attorney General, T. Elliot Gaiser, Solicitor General, and Michael J. Hendershot, Chief Deputy Solicitor General, for appellee Ohio Bureau of Workers' Compensation.

Janet E. Burney, Brian R. Gutkoski, and Anna Hlavacs, for appellant.

_____