[Cite as *Olmsted Twp. v. Campanalie*, 2025-Ohio-5851.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| OLMSTED TOWNSHIP, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | Nos. 114817 and 114818 |
| RONALD CAMPANALIE, | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED** December 31, 2025

---

Criminal Appeal from the Berea Municipal Court
Case Nos. 23CRB00981-1 and 24CRB00859-1

---

### *Appearances:*

Baker, Dublikar, Beck, Wiley & Mathews, James F. Mathews, and Brittany A. Bowland, *for appellee.*

Law Offices of William B. Norman and William B. Norman, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Ronald Campanalie appeals from the Berea Municipal Court's certification of a statement of proceedings under App.R. 9(C) following his no contest pleas to charges of assault and violating a protection order.

Appellant argues that the trial court erred in certifying the App.R. 9(C) statement through a judge who did not preside over the plea hearing and the record fails to affirmatively demonstrate that his plea was entered knowingly, intelligently, and voluntarily. For the reasons that follow, we affirm the trial court's judgment.

## I. Factual and Procedural Background

{¶ 2} On October 6, 2023, appellant was charged in three separate misdemeanor cases before the Berea Municipal Court. The charges arose from alleged confrontations with a protected party and included assault, violating a protection order, and menacing. The cases were later consolidated for resolution.

{¶ 3} On November 21, 2023, appellant entered no contest pleas to two first-degree misdemeanor offenses: assault, in violation of R.C. 2903.13, and violation of a protection order, in violation of R.C. 2919.27. The remaining charges were dismissed under the terms of a plea agreement. The trial court accepted the plea and ordered a presentence investigation.

{¶ 4} Before sentencing, appellant moved to withdraw his plea, alleging that because of medical issues, he was confused during the hearing and did not understand the consequences of entering a no contest plea. The trial court held a hearing and denied the motion. Appellant was sentenced to time served, a fine, and probation, with conditions including compliance with a protection order and restrictions on future contact.

{¶ 5} During the appellate proceedings, it was discovered that the audio recording of the November 21, 2023 plea hearing was unavailable because of a

technical failure. Appellant submitted a proposed App.R. 9(C) statement, asserting that he "could not clearly remember" whether he had been advised of his constitutional rights or understood the nature of the plea.

{¶ 6} Appellee Olmsted Township submitted a counterstatement asserting that appellant had been fully advised of his rights during the hearing and that the court complied with Crim.R. 11. Because the original judge was no longer available, the administrative judge of the Berea Municipal Court, who had not presided over the hearing, was assigned to settle and approve the record under App.R. 9(C). On March 4, 2024, the trial court certified a settled statement of proceedings, noting that it reviewed the parties' filings and objections and found that appellant had been informed of the plea consequences, had stipulated to the charges, and had voluntarily entered his plea. Appellant appeals raising two assignments of error.

## II. Assignments of Error

1. The Ohio Appellate Rule 9 (C) Statement certified by a judge who did not preside over the plea hearing, did not witness the plea hearing, and who lacks a reasonable basis to intelligently determine the facts is invalid under Ohio law and must be rejected.

2. The Ohio Appellate Rule 9 (C) certification process employed violates the federal constitutional prohibition against presuming waiver of fundamental rights from a silent or inadequate record.

## III. Law and Analysis

### A. Standard of Review

{¶ 7} An appellant is responsible for ensuring that the trial record is correct and for submitting all claims of error to the trial court for settlement and conformance of the record to the truth. *State v. Schiebel*, 55 Ohio St.3d 66 (1990).

Where a trial court receives and evaluates conflicting evidence regarding the state of the record, the decision to correct or supplement the record pursuant to App.R. 9(E) rests upon the court's ability to weigh the evidence. *Id*. at ¶ 82. Where it is supported by competent, reliable evidence, such ruling will not be reversed by a reviewing court absent an abuse of discretion. *Id*.

### B. Certification of the Record Under App.R. 9(C)

{¶ 8} In his first assignment of error, appellant argues the trial court erred when it settled and certified the record under App.R. 9(C). Appellant asserts that the certifying judge did not witness the plea hearing and lacked a reasonable basis from which to determine the facts.

{¶ 9} App.R. 9 governs the procedure for reconstructing a record when a transcript is unavailable. "If a transcript is 'unavailable' an appellant has an obligation to provide a complete record pursuant to App.R. 9(C), (D) or (E)." *State v. Davis*, 1992 Ohio App. LEXIS 338, at *11 (8th Dist. Jan. 30, 1992). The rule authorizes the trial court to settle and approve a statement of the evidence or proceedings based on party submissions. *State v. Polk*, 1991 Ohio App. LEXIS 900, at *4 (8th Dist. Mar. 7, 1991). The appealing party has the right to provide a written narrative of what happened during the proceedings that the opposing party may challenge. The trial court must settle conflict. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Unavailability of both the trial judge and a transcript of the proceeding is not automatic grounds for a new trial. *See Davis* at *12. *Knapp*

provides the procedure a certifying judge must follow when both the original trial judge and the transcript are unavailable.

> In the rare instance that a transcript and a trial judge are both unavailable *Knapp* dictates fairness over form. Appellate counsel must compile a 9(C) statement. A good faith effort requires the use of all possible sources, not just trial counsel's recollection. If the effort is fruitless the trial judge should grant a new trial, as recommended in *Knapp*, rather than merely rubberstamp the prosecutor's version.

*Davis* at *12.

{¶ 10} On these facts, the administrative judge had a reasonable factual basis from which to settle and certify the App.R. 9(C) statement even though he did not preside over the plea hearing. The trial court reviewed submissions from both parties, sustained some objections, and certified a statement of proceedings. The record before him included contemporaneous January 9, 2025 journal entries expressly reciting that the court followed Crim.R. 11, advised appellant of his rights, and found his pleas knowing, intelligent, and voluntary; the detailed May 9, 2025 App.R. 9(C) entry setting out the effect of the no-contest pleas, the maximum penalties, and appellant's stipulation to guilt; and the prosecutor's affidavit supporting appellee's version of events, all of which were unrebutted by any specific contrary recollection from appellant. Appellant stated only that he could not clearly remember the colloquy.

{¶ 11} Taken together, the record provided the certifying judge with an adequate evidentiary foundation to settle and approve an intelligent statement of proceedings under App.R. 9(C), and appellant's generalized challenge to the judge's lack of firsthand observation does not demonstrate an abuse of discretion.

{¶ 12} Appellant's first assignment of error is overruled.

## C. Presumption of Regularity and Validity of the Plea

{¶ 13} In the absence of a complete transcript, appellate courts presume regularity in the trial court's proceedings unless the appellant provides affirmative evidence to the contrary. *See State v. Brandon*, 45 Ohio St.3d 85, 87 (1989). A statement that the appellant does not remember does not overcome this presumption.

{¶ 14} To invalidate a plea, the record must affirmatively show that the defendant was not informed of his rights or that the plea was otherwise defective. *Boykin v. Alabama*, 395 U.S. 238 (1969); *State v. Nero*, 56 Ohio St.3d 106 (1990). That is not the case here. The trial court's contemporaneous journal entries, combined with the App.R. 9(C) record, reflect that appellant was advised of his rights and voluntarily waived them.

{¶ 15} Appellant relies on several cases addressing the constitutional requirements for accepting guilty or no contest pleas, including *Boykin v. Alabama*, *State v. Brandon*, 45 Ohio St.3d 85 (1989), *Carnley v. Cochran*, 369 U.S. 506 (1962), *State v. Jones*, 71 Ohio St.3d 293 (2004), and *State v. Polk*, 1991 Ohio App. LEXIS 900, at *4 (8th Dist. Mar. 7, 1991). Each of those cases, however, is factually distinguishable from the circumstances presented here.

{¶ 16} *Carnley* and *Boykin* prohibit a reviewing court from presuming a waiver of constitutional rights based upon a silent record. In *Boykin*, the United States Supreme Court reversed a conviction where the record was entirely silent as

to whether the defendant knowingly and voluntarily waived his constitutional rights. There was no plea colloquy, no journal entry reflecting advisement of rights, and no substitute record. In contrast, the trial court here considered the parties' submissions pursuant to App.R. 9(C) and contemporaneous journal entries that memorialized the plea proceedings.

{¶ 17} Appellant's reliance on *State v. Jones*, 71 Ohio St.3d 293 (1994), is also misplaced. In *Jones*, the trial court was entirely unable to settle the record after the parties disagreed on proposed statements. *Id*. at 295. Here, although the audio recording of the plea hearing was unavailable because of a technical failure, the trial court contemporaneously journalized in two entries that appellant was advised of his rights and entered his plea knowingly, intelligently, and voluntarily. That record was further reconstructed through the App.R. 9(C) process. For the no-contest plea to be valid, the record must affirmatively demonstrate that the plea was entered voluntarily, intelligently, and knowingly. *Garfield Hts. v. Brewer*, 17 Ohio App.3d 216, 218 (8th Dist. 1984). Appellant did not affirmatively state that the trial court failed to comply with Crim.R. 11; he asserted only that he could not remember the colloquy.

{¶ 18} This case does not present the silent record prohibited by *Boykin* and *Carney*, or an unsettled record as contemplated in *Jones*. Therefore, the trial court was permitted to weigh the evidence and resolve conflicts in the parties' versions of the trial court proceedings.

{¶ 19} *State v. Brandon* is likewise distinguishable. In *Brandon*, the record affirmatively demonstrated deficiencies in the plea proceedings. Here, there is no such affirmative showing. Instead, the trial court followed the procedure authorized by App.R. 9(C), reviewed competing submissions, resolved objections, and certified a statement of proceedings indicating compliance with Crim.R. 11. In the absence of evidence demonstrating a defect in the plea process, the presumption of regularity applies.

{¶ 20} Appellant's reliance on *State v. Nero* is also misplaced. In *Nero*, the record established that the trial court failed to properly advise the defendant of the maximum penalty, resulting in a lack of substantial compliance with Crim.R. 11. In this case, neither the certified statement of proceedings nor the trial court's journal entries reflect any failure to advise appellant of the nature or consequences of his plea. Appellant offered no evidence contradicting those entries; instead he stated that he could not remember whether the trial court complied with Crim.R. 11.

{¶ 21} For the aforementioned reasons, the appellant's second assignment of error is overruled.

### D. Conclusion

{¶ 22} The trial court followed the procedures set forth in App.R. 9, and the record does not contain affirmative evidence to rebut the presumption of regularity. The record was properly settled and certified; thus, appellant's plea is presumed valid. The trial court did not err in settling conflicts in the record or concluding that the plea was knowingly, intelligently, and voluntarily entered.

**{¶ 23}** Accordingly, both assignments of error are overruled. The judgment of the Berea Municipal Court is affirmed.

**{¶ 24}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)